JAMES V. G. DUBOIS, Respondent, *v.* THE CITY OF KINGSTON, Appellant.

The placing of a stepping-stone, of ordinary size and proper construction, in a convenient place at the edge of the sidewalk in front of a public building in a city, as an accommodation to the public in alighting from and getting into vehicles, is not such an obstruction of the streets as will charge the municipal corporation with negligence for allowing it to remain.

In an action against such a corporation for injuries caused by plaintiff's falling over such a stepping-stone, *held*, the fact that other persons had been injured by falling over the same stone did not, of itself, establish that it was improperly placed, or that it was necessarily of such a dangerous character as to require the interposition of the city authorities to remove it.

It appeared that the stepping-stone, which was of ordinary size, lay in front of the city post-office, lengthwise of and just inside the curb of the side-

walk. At the north end of the stone was a lamp-post; at the south end a crosswalk. At the time of the accident plaintiff was running to a fire; gas-lights were burning in the post-office, and the street lamp was lighted. There was abundant room for plaintiff to pass on the sidewalk; he was well acquainted with the locality, and the stone had been there several years. *Held*, that plaintiff himself was chargeable with negligence.

(Argued March 22, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 6, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*John J. Linson* for appellant. Before a municipal corporation can be made liable for injuries caused by a defect in a highway, not arising from its construction or from any act authorized by the corporation, either express notice of the existence of the nuisance must be brought home to it, or the defect must be so notorious as to be observable by all for a sufficient time to enable the corporation to repair it, in which case the corporation is charged with constructive notice, being in fault for not knowing the fact. (Shearm. & Redf. on Neg., § 407; *Masterton* v. *Mt. Vernon*, 58 N. Y. 394; *Smith* v. *New York*, 66 id. 295; *McCarthy* v. *Syracuse*, 46 id. 197; *Hart* v. *City of Brooklyn*, 36 Barb. 226; *Hume* v. *New York*, 47 N. Y. 639; *Gorham* v. *Cooperstown*, 59 id. 660.) On plaintiff's own showing he was guilty of contributory negligence and should have been nonsuited. (*Weber* v. *R. R. Co.*, 58 N. Y. 455; *Davenport* v. *Brooklyn City R. R. Co.*, 2 E. R. 826; *Cummins* v. *Syracuse*, 3 id. 198; *Griffin* v. *Mayor, etc.*, 9 N. Y. 456; *Durkin* v. *Troy*, 61 Barb. 437; *Butterfield* v. *Forrister*, 11 East, 60; *Flower* v. *Adam*, 2 Taunt. 314; *Smith* v. *Smith*, 2 Pick. 621; *Wood* v. *Village of Andes*, 11 Hun, 543; *Belton* v. *Baxter*, 54 N. Y. 245; *Barker* v. *Savage*, 45 id. 191.)

*John E. Van Etten* for respondent. Whether or not the rock in question was an obstruction was a question of fact, depending upon its size, the place where it lay, the width of the sidewalk, the unguarded and exposed situation of the rock, the throngs which gathered and traveled there, and a variety of circumstances and considerations. (*Ploedterll* v. *New York*, 55 N. Y. 666; 10 Alb. Law Jour. 186; *Mayor, etc.,* v. *Sheffield*, 4 Wall. 189.) Actual notice of the defect or obstruction need not be shown. If it has continued for such a length of time as to become notorious and to justify the presumption that its existence was known to the agents of the corporation charged with the duty of keeping the streets in repair, notice will be presumed. (*Weed* v. *Ballston Spa*, 76 N. Y. 329, 336; *Ploedterll* v. *New York*, 55 id. 666; *Mayor* v. *Sheffield*, 4 Wall. 189; *Rehberg* v. *New York*, 91 N. Y. 137; Laws of 1872, chap. 150, § 33; subd. 20, 21, 30, 33, 42, §§ 69, 91; *In re Burmeister*, 76 N. Y. 174; *Todd* v. *Troy*, 61 id. 506, 509; *Bostwick* v. *Barlow*, 14 Hun, 177; *Hines* v. *Lockport*, 50 N. Y. 239; *S. C.*, 60 Barb. 384; *Masterton* v. *Mt. Vernon*, 58 N. Y. 394; *Walker* v. *Lockport*, 43 How. 336; *Huston* v. *New York*, 9 N. Y. 168; *Weed* v. *Ballston Spa*, 76 id. 333.) It would be no defense that the city did not know that the obstruction was dangerous. (*Quinlan* v. *Utica*, 11 Hun, 217.) One passing along the sidewalk has a right to presume it to be safe. He is bound to no special care and cannot be charged with negligence for not being on his guard against an unlawful obstruction, or for not looking for it, although it is visible. (*McGuire* v. *Spencer*, 91 N. Y. 303; *Weed* v. *Ballston Spa*, 76 id. 329, 333; *Bullock* v. *New York*, 1 E. R. 170; *Diveny* v. *Elmira*, 51 N. Y. 512.) The questions presented were questions of fact, and there was no error in denying the motion for a nonsuit. (*Hume* v. *New York*, 47 N. Y. 636; *S. C.*, 74 id. 264; *Rehberg* v. *New York*, 91 id. 137, 144.)

MILLER, J. The plaintiff was injured on the evening of November 23, 1872, while running to a fire, which appeared to be in the direction of his own house, in the city of Kingston, by falling over a stepping-stone lying on the sidewalk in one of

the streets of said city.    The stone was three feet four inches in length, twenty inches wide and fourteen inches high.    It lay lengthwise with the curb and on the inside thereof, in front of the building containing the post-office, a music hall and several stores.    Across from the stone diagonally on the inner side of the walk was a railing guarding and running along an area way which led to the basement of the building.    This area way occupied three feet and seven inches of the sidewalk, leaving a passage-way at its most narrow point between the railing and the stone at from four feet and ten inches to six feet.    At the north end of the stone over which the plaintiff stumbled, was a lamp-post, which covered about one-half the width of the stone.    At the south end of the stone was a crosswalk.

The stone was placed there some three years previously as an accommodation to the public in alighting from and getting into vehicles, and without the knowledge or consent of the defendant, and no proof was given showing any express notice thereof to the defendant.

There was evidence upon the trial that some five different persons had fallen over the stone and been injured thereby. At the time of the accident in question gas-lights were burning in the post-office and the street lamp was lighted.    Actions against municipal corporations for injuries sustained by individuals while using or passing along its streets, are founded upon the ground of negligence of its officers in the performance of their official duties and cannot be maintained without evidence showing that they have been derelict in this respect, by means of which the injury has been sustained.    We think there was no such proof upon the trial of this action.    The stepping-stone over which the plaintiff fell and was injured was not of unusual size or of an improper construction, nor was it located at an improper place.    It was placed in a position on the sidewalk most convenient for persons who should alight from a wagon or carriage or get into the same from the sidewalk, and thus it was a means of accommodation to those who had business at the post-office or in the building in front of which it was located.    It was not any more exposed than was

essential for its proper and useful location. The passage-way between the store and along the area way of the building was ample for the accommodation of individuals who were going along the sidewalk, and any person who exercised ordinary care and caution could, under the circumstances presented, have passed along by this stepping-stone without coming in contact with it. The gas was lighted in the post-office and in the lamp near by, and hence it was easy to see the stone and to avoid it by a proper use of the faculties. The fact that the plaintiff was running in the direction of his own house, with the apprehension that it might be on fire, should not excuse him for not avoiding a stone of this kind placed on the sidewalk. It was not necessarily in his way. In fact it was on one side of the walk and on the side near the street curb. There was no difficulty in passing along the open space without coming in contact with it. The stepping-stone could have been placed in no position in which it could have been more useful and convenient in front of the post-office, and there is no ground for claiming that it should have been guarded and protected so as to prevent people from running against it. Such caution is not required in placing such a necessary and convenient appendage in front of a building in the public street, and it cannot be said, we think, that it is dangerous necessarily when occupying such a position.

The fact that other persons had been injured by falling over the stone does not, of itself, establish that it was improperly placed in the location it occupied, or that it was necessarily of such a dangerous character as to require the interposition of the city authorities to remove it. Such an accident might well take place in reference to any necessary structure connected with the sidewalk or a building thereon, which might possibly interfere with persons using the same.

It would be extending the rule of the liability of municipal corporations far greater than has yet been done in any decided case, to hold that they are liable for assenting to the placing of stepping-stones on the edge of sidewalks in front of hotels, stores, public buildings and private residences. The courts

have gone quite far in holding such corporations to a very strict responsibility in reference to accidents caused by a failure of their officers to keep the streets and sidewalks in a proper and safe condition, but it would be adding to the corporate liability beyond reasonable limits to hold that stepping-stones, which are almost a necessity in providing for the interest, comfort and convenience of the public in the maintenance of walks, avenues and streets, constitute a nuisance or obstruction, and that corporations are liable for damages by reason of accidents caused thereby.

As this case is presented there is no evidence which justifies the conclusion that the stepping-stone in question was dangerous to travelers passing along the street, or that the city authorities were chargeable with negligence in allowing it to remain where it was located.

It may also be remarked that the evidence of the plaintiff tended strictly to show that he was chargeable with negligence which contributed to the injury. There was abundant room for him to pass by the stepping-stone without running against it. A very small portion of the end of the stone upon which he fell obstructed the sidewalk, and being well acquainted with the locality, had he been careful in exercising his faculties he could have avoided the accident. In not doing so he was clearly negligent.

For the reasons stated the court erred upon the trial in denying the motion to nonsuit the plaintiff, as well as the motion to dismiss the complaint.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.