By the Court.— Freedman, J.
The action was brought to recover damages for injuries sustained by the plaintiff in consequence of a fall down the steps leading to the basement of premises, No. 224 E. 57th street in the city of New York.
The complaint charges “ that said building was negligently, carelessly and unlawfully built, in that there was at the time hereinafter mentioned, upon the sidewalk in front of said building, a dangerous, unlawful and unguarded opening and entrance by means of a stairway to the basement of said building,” and it then charges the defendant, as the owner, of the premises, with a careless and unlawful maintenance of the said stairway on the day of the injury. The answer denies each and every allegation of the complaint, except the allegation concerning defendant’s ownership, and then sets forth that the alleged injury was not caused by any negligence or fault on the part of the defendant or of his servants, but by the negligence and fault of the plaintiff herself.
At the trial two different versions were given as to the cause of plaintiff’s fall.
According to the plaintiff’s story she was returning from an errand for her mother, when as she passed the premises in question, a boy, named Johnnie Dwyer, while playing marbles, suddenly knocked up against her and caused her to fall, in consequence of which she fell down the said steps.
According to testimony given on behalf of the defendant, the plaintiff and Johnnie Dwyer were sitting on the top of said steps playing jacks, throwing up a marble and then catching the jacks while the marble was in the air; that the marble fell down the steps; that, pursuant to plaintiff’s suggestion that they should try who should be the first to catch the marble, they both' started rapidly down the steps for this purpose, and that, while doing so, the plaintiff slipped and fell.
The learned judge who presided at the trial refused to dismiss the complaint, refused to direct a verdict for *88 the defendant/and refused to submit any question relating to defendant’s negligence or to plaintiff’s contributory negligence to the jury, but charged the jury that the only thing they had to determine was the extent of the compensation which the plaintiff should have for the injury which she “ sustained through the negligence of the defendant.” The defendant was also refused permission to prove that the original construction of the building, inclusive of the stairway in question, was in accordance with the requirements of the building acts in force at the time, and that it had been approved by the building department. All these rulings were duly excepted to.
The uncontroverted evidence showed that the defendant had purchased the premises in 1872, and that at the time of such purchase the building and the stairway in question, were just the same as they were at the time of the accident; that the sidewalk in front of the premises was unusually. wide, there being twenty-nine feet between the curb and the house Hue, and tweifiy-four feet between the curb and the first step of the stairway; and that -the ordinances of the city allowed a stoop fine of seven feet in front of the house line. From these matters it followed that, if the sidewalk was twenty-nine feet wide by law, the first step of the stairway was two feet within the stoop line.
But it further appeared by the testimony of a witness who was connected with the Department of Public Works, that'in that part of the street in question, the curb line..is twenty feet from the house line. According to that the jury might have been asked to find that the stairway was not within the stoop line at all, but wholly upon private ground. It was a regular staircase, furnishing an entrance, into the basement. Although access to it was not barred by a gate, or cut off by a railing or chain in front of it, it had a railing on each side, and in this way it was made impossible for persons passing along the sidewalk to travel over the space of the five feet occupied by it.
*89 Under the circumstances, and there being no claim that the stairway or any part thereof, was out of repair, the disposition made of the issues cannot be sustained, unless the stairway, as originally constructed, constituted a nuisance per se, and the plaintiff’s injury was caused thereby. Under the circumstances stated the stairway was not a nuisance per se, unless it was constructed contrary to law. Upon this point the defendant proposed to show that in its construction all the requirements of the law had been observed, but the evidence was excluded. On the other hand the plaintiff, upon whom the burden of proof was, failed to show a violation of law. The counsel for the plaintiff relied solely upon the decision of Clifford v. Dam, 81 N. Y. 52. But the doctrine of that case does not apply, because the injury in that case was caused by a coal-hole in that part of the sidewalk intended for unrestricted use by the public.
In consequence of what has already been said, the conclusion is unavoidable that, if the stairway in question was on defendant’s own ground, the defendant Avas entitled to the direction of a verdict. But even if the stairway occupied a part of the sideAvallc Avithin the stoop line, it would not n necessarily folloAv that it Avas a nuisance per se. If that were so, every stoop and every kind of projection from a house, Avhich in any Avay encroached upon the sidewalk, Avould bo a nuisance. The fact is that the streets in a city exist as much for the benefit of the occupants of the houses built along the sides of the streets, as for the benefit of the general public, and that new streets are constructed from time to time, according to the demands of building necessities. The centre of each street consists of a carriage way for the passage of Apellides, and on each side thereof is a sidewalk for the passage of pedestrians. The width of each street is fixed by law, and the common council of the city has poAver to regulate, by ordinance, the use of the streets and of the side *90 walks. The only limitation upon this power, is that any such ordinance shall not be inconsistent with law and the constitution of the state. In the exercise of this power the common council has, by ordinances which have been repeatedly recognized by the legislature, allowed on each sidewalk a so-called stoop line, which varies according to the width of the street, and within every such stoop line, stoops, areas, and steps descending into the cellar or basement of a house, may be constructed in a certain manner and under certain regulations. The space thus usually occupied by any such appurtenance of a house, is withdrawn from that part of the sidewalk over which the public has the unrestricted right to pass and to repass, and consequently every such ' appurtenance stands upon a different. footing than that occupied by a coal-hole existing in that part of the sidewalk over which the right of public travel is wholly unrestricted. If, from the manner of its construction and its relation to that part of the sidewalk over which the unrestricted right of public travel exists, any such appurtenance is, or becomes, dangerous, the owner or occupant of the house may be liable for an injury caused thereby, notwithstanding he complied with the ■ ordinances ; but this is a question of fact depending upon the circumstances of the particular case, and in every such case the burden is upon the plaintiff to establish that the appurtenance complained of is either a nuisance in fact or contrary to the ordinances. Even a stepping stone placed near the curb has been held not to be a nuisance per se. DuBois v. Kingston, 102 N. Y. 219; Morassy v. Mayor, 54 Super. Ct. 432.
In this aspect of the case, the case at bar should at least have been submitted to the jury. Upon the point whether the stairway in question was, in any proper legal sense, the cause of plaintiff’s injury, the case is, upon plaintiff’s own showing, one in wdiieh. different minds might reasonably come to different conclusions, and for this reason the point should have been submitted. *91 to the jury. On the other hand, if the case had gone to the jury, and the jury had believed defendant’s version of the occurrence in preference to that given by the plaintiff, the defendant was entitled to a verdict.
The judgment and order should be reversed, and a new trial ordered, with costs to appellant, to abide the event.
Sedgwick, Ch. J., concurred.