Si-iauck, C. J.,
The duty of municipalities with respect to streets and sidewalks is imposed by section 2640 of the Revised Statutes. It is to “cause them to be kept open and in repair, and free from nuisance.” They are required to maintain such portions of them as are designed for the use of vehicles and pedestrians in a condition of reasonable safety for such use. They are not required to exercise such extraordinary care as will absolutely prevent the occurrence of accidents, nor to prohibit such usual erections in proper portions of the streets as public convenience requires.
The block over which the plaintiff below fell, although upon the sidewalk, was not at a crossing nor upon any portion of the street designed for the use of passing pedestrians. It was within that portion of the street by the curb which, according to common knowledge, is devoted to carriage blocks, lamps, hitching posts and shade trees, which pedestrians of ordinary care observe and avoid. There is no reason to question the correctness of the observation of Spear, J., in Elster v. Springfield, 49 Ohio St., 82, 96: “The laying of sewers like that of gas and water pipes beneath the soil, and the erection of lamps and hitching posts, etc., upon the surface, is a street use, sanctioned as such by their obvious purpose, and long-continued usage.” Any rule which would sustain a recovery in this case would require municipalities to remove all shade trees and all such erections, whatever public inconvenience might result therefrom. In the well considered case of Dubois v. City of Kings *235 ton, 102 N. Y., 219, where the facts shown and the municipal duties involved were, in substance, the same as those which are here presented, a recovery was denied.
The allegations of the petition in this case permitted the presumption that the block was of the usual size, and that it occupied the position usually assigned to such blocks. The evidence offered by the plaintiff showed affirmatively that it was of such usual size, and that it occupied such usual position. Therefore, the petition failed to state a cause of action, and the instruction requested should have been given.

Judgment reversed.