# DISTRICT OF COLUMBIA v. DURYEE.

STREETS AND SIDEWALKS; EVIDENCE; APPEALS; OBJECTIONS; TRIAL; DI-
RECTION OF VERDICT; INSTRUCTIONS AND CHARGE TO JURY.

1. Where pedestrians are shown to have frequently stumbled over an obstacle in a sidewalk, that fact tends to show that the place is dangerous; and the publicity usually following such accidents tends to

show that the danger has been brought to the attention of the municipal authorities.

2. When the condition or appearance of an object, such as a hitching post, is material to the issue, the object itself may be produced in court, and its identity established, and it may be shown that it has existed in its present state since the time when the issue arose.

3. An objection will not be considered on appeal which does not state the ground upon which it was made.

4. An assignment of error is not good when based upon an objection to a question which was not answered.

5. Where, in an action against a municipality for personal injuries received by a pedestrian who stumbled at night over a hitching post in the sidewalk, there is evidence tending to show that the post, although located in a place where it could be properly placed, was not of the ordinary size; that it was bent, and, in its condition, dangerous; and, although located at a point where most pedestrians did not cross the street, was still where they had a right to cross, if they used proper care to avoid obstacles to be expected along the curb,—it is for the jury to say whether the post in the condition it was in, was usual, reasonable, or safe; and a motion by the defendant to direct a verdict is properly refused. (Citing *Wolf* v. *District of Columbia*, 21 App. D. C. 464, 69 L.R.A. 83, and *Dotey* v. *District of Columbia*, 25 App. D. C. 236.)

6. In an action against a municipality to recover for personal injuries received by a pedestrian in stumbling at night over a hitching post in a sidewalk, where there is evidence tending to show that the post, by reason of its condition, was a dangerous obstruction, it is not error for the court to refuse instructions asked by the defendant which assume that the post was a legal obstruction and its locality well lighted, and which ignore the condition of the post before and at the time of the accident.

7. The refusal by the trial court of an instruction asked is not reversible error, where its subject-matter is amply and fairly covered by instructions granted and the charge.

8. Where a material issue in a personal injury case is whether a hitching post in a sidewalk was an obstruction dangerous to pedestrians using the sidewalk, it is reversible error for the trial court in its charge to the jury to state that the post was located on a street corner, where pedestrians usually crossed, if the evidence shows otherwise; and to require the jury to determine whether at a particular intersection the public only used as a crossing such portions of the ground as were within the direct sidewalk lines; whether at the point in question the public had traveled a crossing outside of the various sidewalk lines;

and whether the post should have been permitted in that part of the sidewalk that was the established part, for the purpose of crossing the street,—where the evidence is insufficient to justify the submission of such questions to the jury.

9. It is the duty of a pedestrian stepping at night from a sidewalk across a gutter in which there is water flowing, not only to consider the water in the gutter, but also such lawful obstructions at the curb, as a man using ordinary care would observe and thus avoid.

10. It is not error for the trial court, in a personal injury case, after properly instructing the jury, in the charge, as to the measure of damages to be awarded the plaintiff if they find for him, to state that there can be no recovery in excess of the amount claimed in the declaration. (Following *Washington & G. R. Co.* v. *Hickey,* 5 App. D. C. 436.)

11. Objections to the trial court's charge to the jury should be specific.

No. 1692.   Submitted February 18, 1907.   Decided April 2, 1907.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on verdict, in an action to recover damages for personal injuries.

*Reversed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Henry P. Blair,* Assistant, for the appellant.

*Mr. John C. Gitlings* and *Mr. Frank J. Hogan* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

Sacket Duryee sued the District of Columbia for personal injuries he sustained when he fell over a hitching post planted near the northeast corner of 21st and K Streets, in Washington, about 9 o'clock on the night of November 30, 1902.   He had been visiting a person who lived in the house on that corner, over the Emerich Beef Company store.   It had rained all day, the wind was high, and a heavy rain was still falling.   He started home, walking toward the south side of K Street.   His umbrella

was raised, and as he approached the curb he was using great care on account of the gutter being flooded with water, and when near the curb an obstruction caught his left leg, throwing him with violence to the ground. He arose and turned to see what had caused the accident, and could see nothing till he stooped down and put his hand on an iron post, the top of which was about 18 inches above the pavement. He looked at it and felt it, and found it was bent towards the east and had a bar running through the top, with a ring on one end of it, while the other end was jagged.

The plaintiff and all his witnesses say this post was located between two tree boxes, and nearer to the tree box on the west than to that on the east. The defendant's witnesses located the post nearer to the tree box on the east. It is undisputed it was located between the two and near the curb. He was walking at a moderate gait; there were lights on the northwest and southeast street corners, but he had to get close to the post to see it that night. The post was not quite knee high, and it was so bent that it was deflected easterly from the perpendicular from 8 to 12 inches, and it was about an inch in diameter and dark brown in color. The appellant's witnesses say that the post was bent 2 or 3 inches toward the east. The appellee had never noticed the post before, nor the jagged end which came in contact with his leg. That this was a hitching post was disputed, but not fairly disputable upon all the testimony. It had stood there for some years, and it was at times used for hitching horses. Three witnesses testified that they had fallen in much the same way as the appellee. Lucy Kennedy stumbled over this post several times during the seven years she lived nearby prior to the appellee's accident; Henry Smith, in the spring of 1902, struck against it and was caught about his knees, and fell; Mrs. Burton fell over it in the summer of 1902. All of these accidents occurred at night, and long enough before the accident to the appellee to impute to the appellant constructive notice of the condition of the post before this cause of action arose.

The recurrence of these accidents at this post tend to show that it was to a degree dangerous, and the publicity usually fol-

lowing such accidents tends to show that the danger was brought to the attention of the authorities. *District of Columbia* v. *Armes,* 107 U. S. 519, 525, 27 L. ed. 618, 620, 2 Sup. Ct. Rep. 840.

The building regulations in evidence show the recognition of hitching posts as a lawful obstruction, though since this post was planted a permit has become a prerequisite. Police regulations in evidence, though requiring a permit, recognize hitching posts as a lawful obstruction when placed along the inner edge of the curb.

The hitching post was introduced in evidence. It had been taken up by Patterson, who testified that he identified the post, and at the trial it remained in the same condition it had been in during the year prior to the accident to the appellee.

The first assignment of error relates to the admission in evidence of this post. It was identified by seven witnesses as the post that caused the injury. The witness Patterson dug it up; Sacket L. Duryee took it to the plaintiff and produced it at the trial. When the condition or appearance of an object is material to the issue, the object itself may be produced in court, and its identity established, and it may be shown that it has existed in this state since the time when the issue arose. This object itself becomes real evidence of its condition at the time in question. Such inspection is proper, provided no specific reason of policy forbids. Under some conditions a jury may view the object in question, with its environment. Reasons of convenience permit the trial court, exercising careful discretion, to suffer the object in question, when material to the issue, to be admitted in evidence before the jury as real evidence. See 1 Greenleaf, sec. 13a; 2 Wigmore, sec. 1151.

In this case the identity of the post, which had been pulled out of the ground, accompanied by testimony showing it as it appeared, and by a complete description of its physical environment as it stood in the ground, could not confuse the jury. If the jury were satisfied by such autoptic proference, of the size of the post, of its height above ground, of its inclination eastward, of the condition of the bar, with a ring at one end and

with the other end jagged, it would help them more accurately to determine whether or not in its location, as described, it would be dangerous.    The production of this real evidence did not prejudice the appellant.

The second error assigned happened when the plaintiff was asked to show as near as possible how the post produced in court was standing when he saw it after falling over it, and to tell the direction in which it was standing.    The objection was overruled, and the question was not answered.    The ground of the objection does not appear to have been stated.    An appellate court should not consider an objection which does not state the ground, nor cover the competency of the evidence, nor point out some definite and specific defect in the proffer.    *District of Columbia* v. *Woodbury,* 136 U. S. 450, 452, 34 L. ed. 472, 473, 10 Sup. Ct. Rep. 990.    In this case, however, the question was asked, and the answer was not forthcoming.    The appellant was not prejudiced by the question.

The third and fourth assignments of error relate to the refusal of the court upon the whole evidence to direct the jury to return a verdict for the defendant in accordance with the appellant's motion and the first prayer proffered by the appellant. · It is contended that the plaintiff's evidence shows his contributory negligence as a matter of law.    To this we cannot agree.    It is true that the failure of the plaintiff to observe and avoid the hitching post was the proximate cause of his injury, but the plaintiff had testified that he was using great care and was walking at a moderate gait on a dark and rainy night.    It was also true, and in this case it was important for the jury to consider, that this hitching post was within that portion of the street just inside the curb where carriage blocks, lamps, hitching posts, and shade trees may lawfully be located, at a part of the pavement which pedestrians may with ordinary care observe and avoid.    This post's location between the two tree boxes helped to show that it was east of the street crossing.    Where it was located, however, the plaintiff had a right to cross the street, and the probability of such lawful obstruction as we have mentioned being along the curb would require the plaintiff to exer-

cise more care than would be necessary at the usual crossing. But we cannot say that upon the evidence of the plaintiff, who alone testified to the accident, that he was not using the great care which he claimed he exercised. We cannot say that all reasonable men should so conclude. *Gardner* v. *Michigan C. R. Co.* 150 U. S. 349, 37 L. ed. 1107, 14 Sup. Ct. Rep. 140.

The jury were instructed that although hitching posts may be regarded as an obstruction in a particular sense, yet a hitching post of ordinary size, height, and character is such an obstruction as is allowed and authorized by custom and usage as being necessary for the convenience, protection, and enjoyment of the individual in the use of his property; and that the erection of such hitching post is not to be regarded *per se* either a public or a private nuisance; and that it is the duty of those who travel on the sidewalks to use the reasonable care and diligence to avoid danger which a person of ordinary care would use under the same circumstances; and in determining whether the plaintiff used such care and diligence at the time of the alleged injury, if the jury find that the post, in its then condition, was a legal obstruction, that it was in use as a hitching post, and was where it could lawfully stand, the jury were to consider these in connection with all the other facts which tend to show negligence or the absence of it on the pᵣ  of the plaintiff; and if they found the plaintiff failed to use the ordinary care which an ordinary man would use under similar circumstances, and that his failure so to do contributed to the injury, their verdict should be for the defendant.

There was evidence that this hitching post, though located where it could be properly placed, was not of the ordinary size, and that it was bent eastwardly; and in its condition was dangerous, and, though located at a point where most pedestrians do not cross the street, was still where they had a right to cross if they used proper care to avoid obstacles to be expected along the curb. Had it been clear that its condition was not defective, this post would not have been an unlawful obstruction on the sidewalk where it was placed, and the plaintiff could not have recovered for injuries suffered by stumbling over it. But in

its then condition it was for the jury to determine whether it was usual, reasonable, or safe in such condition. See *Wolf* v. *District of Columbia,* 21 App. D. C. 464, 69 L.R.A. 83, 196 U. S. 152, 49 L. ed. 426, 25 Sup. Ct. Rep. 198; *Dubois* v. *Kingston,* 102 N. Y. 219, 55 Am. Rep. 804, 6 N. E. 273; *Robert* v. *Powell,* 168 N. Y. 411, 55 L.R.A. 775, 85 Am. St. Rep. 673, 61 N. E. 699. This question of fact whether the hitching post in its then condition was an unlawful obstruction was submitted to the jury by the appellant's prayer, which was granted. A hitching post is a lawful obstruction, but the city would in this case be liable for any defect in this post arising from want of proper supervision, and, as Mr. Justice Morris well said in *Dotey* v. *District of Columbia,* 25 App. D. C. 236, whether they are placed in the main sidewalk or at another point, "if they are placed in either, it is the duty of the municipal authorities to see that they do not become dangerous obstructions to those having occasion to use the sidewalks." We are convinced that the court did not err, therefore, in respect to the third and fourth assignments of error.

We consider together the fifth, sixth, and eighth assignments of error. The fourth instruction asked by the appellant is as follows: "The jury are instructed that it is the duty of those who travel on the sidewalks to use the reasonable care and diligence to avoid danger which a person of ordinary care and diligence would use under the same circumstances; and that in determining whether the plaintiff used such care and diligence at the time of the alleged injury they will consider the nature of the alleged defect causing the injury, the fact that it was a legal obstruction, in use for the purpose for which it was erected, properly located at a point where it could legally be erected, well lighted, and such other facts or circumstances disclosed by the evidence which tend to show negligence or the absence of it on the part of the plaintiff; and if they find from all the evidence that the plaintiff failed to use the ordinary care which the ordinary individual would use under similar circumstances, and that such failure contributed to the alleged injury, then the plaintiff cannot recover and the verdict should be for the de-

fendant." The court did not err in refusing this instruction. It assumed this post was a hitching post, but it also assumed that in its condition at the time of the accident it was a legal obstruction, and it further assumed that it was well lighted. We do not intimate that with street lights on two of the four corners of 21st and K Streets the spot was not well lighted, nor that lawful obstructions along the curb of the sidewalk require unusual lighting. The instructions granted told the jury that a hitching post was a lawful obstruction, and since there was much evidence that this post, with a bar at the top and a ring in it, was a hitching post, and no evidence that it was anything other than a hitching post, the instructions granted gave to the appellant what it needed in this respect. It was not disputed that the hitching post was between two tree boxes some distance from the street crossing, and where travel was less than at such street crossing. It would not have been error to instruct the jury that such a place was a proper location for a proper hitching post.

Nor did the court err in rejecting the fifth instruction presented by the appellant, whereby the jury were to be instructed "that the law does not require impossibilities of any person, either natural or artificial, like the defendant in this case; and the jury should consider the location of the alleged defect in the sidewalk, the locality itself, the frequency of travel therein, opportunities for observation, any defect which might have actually existed in the construction of the hitching post itself, the fact that it was a hitching post and in use for such purpose, and the fact that a hitching post is a lawful obstruction,—all in connection with the further fact that the defendant is only charged with general supervision of its streets." This prayer ignored the principal point in dispute, the condition of the hitching post before and at the time of the accident.

The court refused the seventh prayer, whereby the jury were to be instructed, as a matter of law, "that a hitching post is a legal obstruction when located on the streets of the city of Washington, at the point indicated in this case, and that the defendant, the District of Columbia, is not prohibited from permitting

the erection of a hitching post at such point because it is an obstruction; nor is the defendant, the District of Columbia, required to specially illuminate and guard the place where such hitching post is lawfully erected." In the instructions granted in behalf of the appellant, and in the general charge of the court, the matters treated in this instruction were amply and fairly presented to the jury, and therefore the court committed no reversible error in refusing this instruction.

The ninth, tenth, and eleventh assignments of error contain the appellant's exceptions to the court's general charge to the jury.

The ninth assignment is that the court erred when it was asking the jury to consider the place where this post was located, in saying: "Because it may be that a man of reasonable prudence and caution would have removed this post from one part of the sidewalk, while he would have permitted it to remain at another part of the sidewalk. That is a question for you to decide. And in deciding that question you are called upon to take into consideration, amongst other things, *the proposition that here was a corner of the street.*" There was more to the same effect. The map in evidence, and in matters thereon not disputed by either party, made clear to reasonable minds that the street crossing was beyond the westerly tree box. The appellee endeavored to show a most unusual fact, that the street crossing here was both west and east of the tree box, but the testimony of the map and of the witnesses, the building line, the parking, the location of the tree boxes, the fact that at the corner pedestrians going south or west were afforded a paved sidewalk of great width and at least 11 feet wide at the crossing from the north to the south side of K Street, rendered it grave error in the court to instruct the jury that where this hitching post was located was a corner of the street where pedestrians usually crossed, and where such an obstruction would have been quite unusual; nor do we find in the record evidence sufficient to justify the court in asking the jury to decide whether at a particular intersection the public only uses as a crossing way such portions of the ground as are within the direct sidewalk lines,

nor to determine whether the public had here traveled a crossing way outside of the various sidewalk lines, nor to ask the jury to determine whether this kind of a post should have been permitted "in that part of the sidewalk that was the established part, for the purpose of crossing the street."

By the tenth assignment of error it is claimed that the court erred in instructing the jury in respect of the question of negligence on the part of the plaintiff when the court said, "Neither is it *per se* negligence, as a matter of law, for a man to devote his attention to getting himself across a flooded gutter," and saying, in conclusion, that the flooded condition may have been such as "would or would not justify a man in bending his entire attention upon the gutter. If you find that it was, that itself alone establishes that under those circumstances a man would not be negligent in attention to the gutter, to the exclusion of other things." This instruction erroneously stated the measure of care and caution required of the plaintiff at the time he received the injury.

It was the plaintiff's duty, when intending to cross at this point, not only to consider the water in the gutter, but such lawful obstructions as might be found at the curb, such as a man using ordinary care might observe and might thus avoid.

Finally, it is objected that the court erred in cautioning the jury that "there can be no recovery in any case beyond the amount named in the declaration, which in this case is $10,-000." The court fully and carefully instructed the jury concerning the measure of damages to be awarded the plaintiff if the jury found him entitled to recover. A trial judge oppressed with anxiety lest extravagant damages may constrain him to set aside a verdict must be anxious lest the jury, which by custom possesses the declaration when they deliberate, should give weight to the caprice of a pleading in making the arbitrary claim for damages therein. Not to forewarn may lead to an excessive verdict; to speak may appear to emphasize an extravagant sum named in the declaration. We think the trial court here committed no error. See *Washington & G. R. Co.* **v.** *Hickey,* 5 App. D. C. 436, 457.

The appellee reminds us that the exceptions to the charge given by the court below are too indefinite to point out the propositions objected to. *Beckwith* v. *Bean,* 98 U. S. 266, 284, 25 L. ed. 124, 131. Specific objections to the oral charge must be insisted on, not only in justice to the trial judge, who may thus correct an error, but in the interest of justice; specific objections must be made to parts of the charge objected to. But we have here considered all the matters excepted to, because this case will be remanded for a new trial. Several objections to this charge should have been more specific.

This judgment must be reversed, with costs, and a new trial ordered, and the cause remanded to the court below, with instructions to proceed in a manner not inconsistent with this opinion. It is so ordered.                              *Reversed.*