### SCHOENFELD v. MOTT AVE. REALTY CO. et al.

#### (Bronx County Court.   December 10, 1915.)

LANDLORD AND TENANT ⟐⟐170—NUISANCE—LIABILITY OF LANDLORD—BURDEN OF PROOF.

 Where a pedestrian was injured by falling into a lawfully constructed cellarway within the stoop line of leased premises, control of which the landlord had granted his tenant, he had, in his action against the landlord, the burden of proving the cellarway so negligently constructed as to be a nuisance per se, or contrary to ordinance.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 685-690; Dec. Dig. ⟐⟐170.]

Action by Rebecca Schoenfeld against the Mott Avenue Realty Company and another. Heard on application of the plaintiff for a reargument of defendants' motion to dismiss the complaint, and for an order setting aside the dismissal as to the company, and for a new trial. Motion denied.

See, also, 168 App. Div. 91, 153 N. Y. Supp. 745.

Bershad & Gossett, of New York City, for plaintiff.

James F. Mahan, of New York City, for defendants.

GIBBS, J. The questions herein arise on an application made by the plaintiff for the reargument of a motion made by the defendant to dismiss the plaintiff's complaint at the trial, and for an order setting aside the dismissal of the complaint herein as against the Mott avenue Realty Company, and for a new trial. Originally the action was brought against the Mott Avenue Realty Company as codefendant with one Isidore Levy.

The defendant Mott Avenue Realty Company is the owner and lessor of No. 870 Intervale avenue, county of Bronx, and the said Isidore Levy is the lessee in possession of a part of the said premises, including a basement or cellar. On the trial, judgment in the amount of $300 was recovered against the lessee, Isidore Levy. The action against the defendants was on the theory of negligence and nuisance, and at the conclusion of the plaintiff's case the complaint against the Mott Avenue Realty Company was dismissed upon motion of the defendant. The evidence indicated that the premises referred to and occupied by the lessee consisted of a store and basement, or cellar. The cellar in question is of the ordinary type to be found in front of

stores within the stoop line, and leads to an opening under the store by way of a stairway; the opening being covered by a double door, which, upon being closed, is at the same level as the sidewalk and adjacent thereto. Each flap of the door, when opened, stands nearly upright.

The lease between the Mott Avenue Realty Company and the said Isidore Levy was introduced in evidence; and by its terms the lessee, Isidore Levy, has the privilege of using the basement in the store with appurtenances for the term of five years. The plaintiff's complaint, in paragraph 5 of the same, alleges:

"That the defendant Isidore Levy at all times hereinafter mentioned was the lessee of and conducted store at premises No. 870 Intervale avenue, New York City, Bronx county."

And in paragraph 7 of the said complaint he alleges:

"That the said cellar and entrance to the said cellar, as aforesaid, were in the use, occupancy, and control of the defendant Isidore Levy."

It is therefore absolutely clear that the relationship which existed between the Mott Avenue Realty Company and Isidore Levy was the relationship of lessor and lessee. There was no proof offered by the plaintiff that the construction of the cellar or the doors covering the same were in any degree faulty, and there is no contention now made that the said cellar, or any part thereof, was improperly constructed, or that it was an obstruction in violation of law.

The contention of the plaintiff upon this reargument seems to be that the cellar in question was a nuisance per se, and that the defendant by the terms of this lease did not part with control of the same, and that the burden rested upon the defendant Mott Avenue Realty Company, at the trial, to show that it was not guilty of maintaining a nuisance, and that without any proof, except that there was a cellar, with doors leading to the sidewalk, under the store, it was the duty of the court to submit the case to the jury to determine whether or not the defendant was guilty of maintaining a nuisance.

The plaintiff relies entirely upon a series of "coalhole" and vault cases, where openings are made in the sidewalk beyond the stoop line and intended for the unrestricted use of the public. The plaintiff lays particular stress upon the case of Clifford v. Dam, 81 N. Y. 52, where it was held that an opening in the sidewalk of a public highway is a nuisance, unless it is shown that the opening was made by permission of duly constituted authorities. It seems to me that there is a difference between a coalhole outside of the stoop line on a part of the sidewalk which is used by the public to pass and repass thereon, and a cellar within the stoop line, with a regular staircase under a store, and which is constructed in accordance with the law (which I must assume for the purposes of this motion).

The case of Williams v. Hynes, 55 N. Y. Super. Ct. 86, distinctly differentiates between the two, and distinguishes Clifford v. Dam. Mr. Justice Freedman, speaking for the court, says:

" * * * The conclusion is unavoidable that, if the stairway in question was on defendant's own ground, the defendant was entitled to the direction of

a verdict. But even if the stairway occupied a part of the sidewalk within the stoop line, it would not necessarily follow that it was a nuisance per se. If that were so, every stoop and every kind of projection from a house, which in any way encroached upon the sidewalk, would be a nuisance. The fact is that the streets in a city exist as much for the benefit of the occupants of the houses built along the sides of the streets as for the benefit of the general public, and that new streets are constructed from time to time, according to the demands of building necessities. The center of each street consists of a carriageway for the passage of vehicles, and on each side thereof is a sidewalk for the passage of pedestrians. The width of each street is fixed by law, and the common council of the city has power to regulate, by ordinance, the use of the streets and of the sidewalks. The only limitation upon this power is that any such ordinance shall not be inconsistent with law and the Constitution of the state. In the exercise of this power the common council has, by ordinances which have been repeatedly recognized by the Legislature, allowed on each sidewalk a so-called stoop line, which varies according to the width of the street, and within every such stoop line stoops, areas, and steps descending into the cellar or basement of a house, may be constructed in a certain manner and under certain regulations. The space thus usually occupied by any such appurtenance of a house, is withdrawn from that part of the sidewalk over which the public has the unrestricted right to pass and to repass, and consequently every such appurtenance stands upon a different footing than that occupied by a coalhole existing in that part of the sidewalk over which the right of public travel is wholly unrestricted. If, from the manner of its construction and its relation to that part of the sidewalk over which the unrestricted right of public travel exists, any such appurtenance is, or becomes, dangerous, the owner or occupant of the house may be liable for an injury caused thereby, notwithstanding he complied with the ordinances; but this is a question of fact, depending upon the circumstances of the particular case, and in every such case the burden is upon the plaintiff to establish that the appurtenance complained of is either a nuisance in fact or contrary to the ordinances. Even a stepping stone placed near the curb has been held not to be a nuisance per se. Du Bois v. Kingston, 102 N. Y. 219 [6 N. E. 273, 55 Am. Rep. 804]; Marrassy v. Mayor, 54 N. Y. Super. Ct. 432."

It follows, therefore, that the motion herein should be denied. Order signed.