**MEYERS v. CAPITAL TRANSIT CO.**

No. 7880.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1942.

Decided Feb. 24, 1942.

Mr. Isadore H. Halpern, of Washington, D. C., for appellant.

Mr. H. W. Kelly, with whom Messrs. S. R. Bowen and R. E. Lee Goff were on the brief, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Irene N. Meyers, appellant, sued the Capital Transit Company for damages for personal injury claimed to have been sustained in stepping off the front of one of the company's street cars onto the roadway at the intersection of the Branchville turnpike with Rhode Island Avenue, in Maryland. There was a verdict and judgment for defendant. On this appeal a number of errors are assigned, but we think we only need notice one. Mrs. Meyers testified that when the street car was brought to a stop at the intersection, the front door opened and the step let down, she stepped off the car, her right foot slid from under her because of the slipperiness of the surface of the ground, and she was thrown and injured. Her husband, who followed her off the car, testified that the place where she alighted was rough and irregular and covered with loose pebbles and stones, which in turn were covered with axle grease which extended out from the rails to the point of the accident. Another witness testified she lived near the place of accident, was familiar with the car stop at the intersection, and that the conditions there had been the same over a long period of time. She was asked if she had ever seen persons slipping and falling upon alighting from the street car at the stop. Upon objection, the court ruled the testimony as to previous accidents at the point in question not admissible. Counsel thereupon offered to prove by the witness that the conditions existing at the car stop at the time of the injury had caused other persons upon alighting from the car at that point to slip and fall, that the witness had seen these accidents, and that complaints to the motorman and agents of the transit company had been made.

In our opinion, the refusal of the court to admit the evidence was error. The character of the place was a material fact in the plaintiff's case, and upon a showing that its condition had not changed, the evidence was proper as tending to show the danger to a passenger in its use. This rule has prevailed in the District of Columbia since the decision in the Armes case, District of Columbia v. Armes, 107 U.S. 519, 524, 2 S.Ct. 840, 27 L.Ed. 618. There the injury occurred as the result of a defective sidewalk, and on the trial a policeman was offered as a witness to testify that while he was on that beat "other accidents had happened at that place". The court allowed the question against the objection of the city's counsel for the purpose of showing the condition of the street and the liability of other persons to fall there. The witness answered that he had seen persons stumble over there. He remembered sending home in a hack a woman who had fallen there, and had seen as many as five persons fall there. The testimony was

objected to on the ground that it tended to introduce collateral issues, and thus mislead the jury from the matter directly in controversy, but the Supreme Court held that the evidence was admissible with other evidence as tending to show the dangerous character of the sidewalk. "The frequency of accidents", said the Court, "at a particular place would seem to be good evidence of its dangerous character —at least, it is some evidence to that effect. Persons are not wont to seek such places, and do not willingly fall into them. Here the character of the place was one of the subjects of inquiry to which attention was called by the nature of the action and the pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject". See, also, Domer v. District of Columbia, 21 App.D.C. 284; District of Columbia v. Duryee, 29 App. D.C. 327, 10 Ann.Cas. 675. We think the rule we have stated is also the general rule and that cases in which such evidence has been held properly rejected are exceptions to the rule. Decisions on both sides may be found in 65 A.L.R. at pages 386, 387, 401, 402.

Reversed.