CASE 6—PETITION ORDINARY—MARCH 12.

## City of Newport v. Miller.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. LIABILITY OF CITY FOR INJURIES RESULTING FROM OBSTRUCTIONS
   IN SIDEWALK.—It is the duty of a city by the exercise of all the ordi-
   nary means in its power to keep its sidewalks free from obstructions
   and in a convenient and safe condition for public use. And it is a
   question for the jury in each case, whether a particular thing should be
   regarded, under all the circumstances, as a nuisance or obstruction.

   In this action against a city to recover damages for injuries suffered
   by plaintiff from falling on a dark night over a stump in the sidewalk
   it was properly left to the jury to determine whether the stump ren-
   dered the public use of the sidewalk inconvenient and unsafe, and
   whether the city had knowledge of the obstruction or should have
   known of it in the exercise of ordinary care.

2. SAME EVIDENCE.—The court properly refused to allow the defendant
   to prove that the stump was left in the sidewalk by the occupant of the
   abutting property for the purpose of making it a hitching post, as his
   intention furnished no excuse to the city. Nor was it any excuse for
   this obstruction that the city improperly allowed other unnecessary and
   dangerous obstacles to remain in the sidewalk.

3. SAME.—It is not every obstruction of a sidewalk that is a nuisance, as
   the right of travel is subject to such restrictions as are necessary for
   the public welfare.

E. W. HAWKINS FOR APPELLANT.

1. Towns are not liable for obstructions in portions of the highway not part
   of the traveled path. (Dubois v. City of Kingston, 102 N. Y., 219;
   2 Dillon, p. 912, note; 7 Cush., 498; 13 Met., 55; 4 Gray, 65; 8 Gray,
   504; 16 Pick., 189; 4 Cush., 307; 7 Gray, 338; 30 Wis., 329; 13 Gray,
   59.)

   A city is bound to keep only such parts of the streets in good repair
   as are necessary for the convenience of the public. (2 Dillon, p. 1413,
   sec. 57.)

City of Newport v. Miller.

2. The plaintiff can not recover if he could have averted the injury by rea-
   sonable care and prudence.  (4 Wait, 718; 8 Allen, 137; 12 Cush.,
   488; 2 Dillon, 919; 8 Am. L. Reg. (N. S.), 758; 13 Am. L. Reg. (N.
   S.), 284; 73 Cal., 137; 14 Pac. Rep., 578; 116 Ind., 173; 99 N. C.,
   576; 14 Hun., 544; 19 Alb. L. J., 315; 8 Ky. Law Rep., 961; 7 Ky.
   Law Rep., 364; 7 Bush, 249.)
3. The court erred in excluding testimony tending to show that the obstruc-
   tion complained of was in that part of the sidewalk not used for travel,
   in which there are hitching posts, gas and water plugs, etc., for the
   convenience of the public.

A. T. ROOT, FOR APPELLEE.

The existence of obstructions in a street is such evidence of negligence as
   requires of the authorities explanation in order to escape liability;
   and the city authorities in the case at bar have not given any such
   explanations as should exonerate them from liability.  (Mayer, etc., v.
   Sheffield, 4 Wall., 189.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, John P. Miller, sues for damages for an
injury, consisting in the breaking of his arm, caused by
his falling over a stump standing in the sidewalk of one
of the streets of the city of Newport.

He, when in company with his wife and children, met
two ladies going in the opposite direction.  The appellee,
in order to enable them to pass, stepped near the outer
edge of the sidewalk, which was ten feet wide, but only
seven feet between the stump and the fence.  In doing
so he fell over the stump, which was three or four inches
within the curbing, and but two feet high and twenty-
two inches in diameter.  It was a dark night, and it was
one hundred and thirty feet to the nearest lamp post, and
the evidence tends strongly to show that there was no
light burning, even there.

It is urged that the trial court rejected competent evi-
dence offered by the city, and improperly instructed the
jury.

The appellant offered to prove that the person who cut down the tree, and who then lived at the place, left the stump with the view of making it a hitching post; also that at other points in the city and at like place in the sidewalk other stumps had been left for the same purpose, and that water hydrants, hitching posts, stepping stones, water and gas plugs, and ash barrels and boxes, left for the convenience of the removing contractors of ashes and garbage, were to be found at like places upon the streets.  It was immaterial what the intention of the person who cut down the tree may have been, or whether the objects had been placed and left as claimed upon the streets.  His intention furnished no excuse to the city if the stump was in fact an unnecessary and dangerous obstacle.  Nor if it improperly allowed other unnecessary and dangerous obstacles to remain in the sidewalk was it any excuse for this one.  The question was whether the particular object which caused the injury to the appellee was such an obstruction in the street as rendered the city liable to him for his injury.  This evidence was not therefore competent.

The evidence shows that the stump had been there for sixteen months without its being prepared by means of rings or in any other way for use as a hitching post. This period was sufficient to raise implied notice and charge the city with knowledge of its existence and character.   (2 Hilliard on Torts, p. 392.)

The jury were, however, properly left to find whether the city had knowledge of it or should have known of it in the exercise of ordinary care.

They were in substance told by the first instruction that it was its duty by the exercise of all the ordinary

City of Newport v. Miller.

means in its power to keep the sidewalks free from ob-structions and in a convenient and safe condition for public use; that if the stump formed an obstruction in the sidewalk, or made it inconvenient or unsafe for pub-lic use, and the city knew or in the exercise of ordinary care should have known it, and had reasonable time thereafter to remove it, then it was its duty to do so; and if the appellee when in the ordinary use of the side-walk and in the exercise of ordinary care was injured by falling over the stump, the jury should find for him.

We perceive no error in this instruction. The other instructions were either favorable to the city or unobjec-tionable. All taken together presented the whole law of the case. It is unnecessary, therefore, to consider in detail those asked by the city and refused. They were either objectionable or already embraced by those given to the jury.

It is said by counsel that if the law be as declared in this case it will revolutionize the condition of our towns and cities; that they will have to remove all shade trees, stepping stones, water plugs, etc., upon the edge of their sidewalks. This alarm we think is unfounded. When it is said that a city must keep its sidewalks safe and convenient for public use it is not meant that they must be *entirely* convenient and safe; but it is to be left to the jury, as was done in this case, whether a particular thing should be regarded, under all the circumstances, as a nuisance or obstruction. (2 Hilliard on Torts, p. 386.) The stump which caused this injury was not really suit-able for a hitching post. It made the sidewalk narrow, and was, from its size and situation, dangerous to passers-by in the darkness of the night. although they might be

exercising the care a reasonable person would under the circumstances. It was not only a dangerous, but a useless obstruction, and a distinction should be drawn between a thing like it, and situated as it was, and objects like shade trees, hydrants, etc., placed just within the curbing of a sidewalk, and which may reasonably be expected to be found there. They are necessary for the convenience and health of the public. They are necessaries in towns and cities, and it is not every obstruction, however necessary and slight, that is a nuisance. The right of travel is subject to such restrictions as are necessary for the public welfare.

At last, however, it is a question for the jury in each particular case to determine whether, from the condition and location of the thing, it rendered the public use of the sidewalk inconvenient and unsafe. This question was submitted to the jury under proper instructions and a verdict returned which is clearly not excessive. The evidence shows that the appellee did not know of the existence of the obstruction. He is free from contributory neglect. He had a right to suppose the city had done its duty, and to walk upon the sidewalk in the light of this belief.

Judgment affirmed.