FRANCIS B. ROBERT, Appellant, *v.* SARAH H. POWELL, Respondent.

NUISANCE — WHEN STEPPING STONE UPON A SIDEWALK NOT A PUBLIC NUISANCE. A stepping stone upon a sidewalk in front of a house, which does not interfere with the use of the roadway and bed of the street, nor to any appreciable or unreasonable extent with the use of the sidewalk, does not constitute a public nuisance and is a reasonable and necessary use of the street, and the owner of the house before which it is placed is not liable in damages for injuries sustained by a person who stumbled over the stone.

*Robert* v. *Powell*, 40 App. Div. 613, affirmed.

(Argued October 4, 1901; decided November 12, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1899, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term setting aside a verdict in favor of plaintiff and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abram I. Elkus* and *Frank Lawrence* for appellant. The ordinance is constitutional. (*Polinsky* v. *People*, 73 N. Y. 65; *Met. Board of Health* v. *Heister*, 37 N. Y. 661; *People ex rel.* v. *Justices' Special Sessions*, 7 Hun, 214.) The ordinance makes a stepping stone a nuisance *per se*. (*People ex rel.* v. *Butler*, 147 N. Y. 164; *Perkins* v. *Smith*, 116 N. Y. 441; *People ex rel.* v. *Spicer*, 99 N. Y. 225; *Hudler* v. *Golden*, 36 N. Y. 446; *Sharp* v. *Mayor, etc.*, 31 Barb. 572; *Murphy* v.

*Leggett*, 164 N. Y. 121; *Callanan* v. *Gilman*, 107 N. Y. 360; *Wells* v. *City of Brooklyn*, 9 App. Div. 61; 162 N. Y. 657; *Robert* v. *Powell*, 24 Misc. Rep. 241; *Skelton* v. *Larkin*, 82 Hun, 388.) The stone was a nuisance irrespective of the ordinance. (*Murphy* v. *Leggett*, 164 N. Y. 121; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Callanan* v. *Gilman*, 107 N. Y. 361; *Wells* v. *City of Brooklyn*, 9 App. Div. 61; 162 N. Y. 657: *People* v. *Cunningham*, 7 Den. 524; *Hart* v. *Mayor, etc.*, 9 Wend. 571; *Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Wright* v. *Saunders*, 65 Barb. 215; 36 How. Pr. 136; *Congreve* v. *Smith*, 18 N. Y. 79; *Clifford* v. *Dam*, 81 N. Y. 52.) It cannot be held that the city consented to the maintenance of the stone. (*Donohue* v. *S. & E. S. Ry. Co.*, 11 App. Div. 525; *Clifford* v. *Dam*, 81 N. Y. 52; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *People ex rel.* v. *Mayor, etc.*, 59 How. Pr. 277; *Ely* v. *Campbell*, 59 How. Pr. 333.) The question of nuisance, was for the jury. (*Callanan* v. *Gilman*, 107 N. Y. 360; Wood on Nuisances, 2611, § 2649; *Graves* v. *Shattuck*, 35 N. H. 257; Angell on Highways, 266.) The plaintiff was not bound in the first instance to show himself free from contributory negligence. (*Clifford* v. *Dam*, 81 N. Y. 52; *Davenport* v. *Ruckman*, 37 N. Y. 568; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *McGuire* v. *Spence*, 91 N. Y. 303.)

*Henry A. Powell* for respondent. The stepping stone over which plaintiff fell was not a nuisance. (*Dubois* v. *City of Kingston*, 102 N. Y. 219; *Jordan* v. *City of New York*, 26 Misc. Rep. 53; *Dougherty* v. *Trustees Vil. of Horseheads*, 159 N. Y. 154; *Babbage* v. *Powers*, 130 N. Y. 281; *Jorgensen* v. *Squires*, 144 N. Y. 285; *Trustees Vil. of Canandaigua* v. *Foster*, 156 N. Y. 354; 81 Hun, 149; Cooley on Torts, 615; 24 Am. & Eng. Ency. of Law, 110; *Page* v. *Shainwald*, 52 App. Div. 353; *Voorhees* v. *Burchard*, 55 N. Y. 107; *Bradt* v. *Krank*, 164 N. Y. 519; Baylies on New Trials & App. 330.) The stone was not made a nuisance by the sanitary ordinance admitted in evidence. (*Mayor, etc.*, v.

*Bd. of Health*, 31 How. Pr. 385.)   The plaintiff himself was
guilty of contributory negligence.   (*Dubois* v. *City of Kings-
ton*, 102 N. Y. 224; *Bond* v. *Smith*, 113 N. Y. 378; *Pom-
frey* v. *Vil. of Saratoga Springs*, 104 N. Y. 459; *Hart* v.
*Grennell*, 122 N. Y. 371; *Strutt* v. *B. & R. B. R. Co.*, 79
N. Y. S. R. 728; *Dunning* v. *Jacobs*, 15 Misc. Rep. 88;
*Hanrahan* v. *M. Ry. Co.*, 53 Hun, 424; *Williams* v. *Hynes*,
23 J. & S. 90; *Paris* v. *Vil. of Green Island*, 38 N. Y. S. R.
373; *Platt* v. *Mayor*, etc., 8 Misc. Rep. 412.)

O'BRIEN, J.   The plaintiff in this action sought to recover
damages for a personal injury sustained, as he alleged, from an
unlawful obstruction maintained by the defendant in a public
street of the city of New York.   There is no dispute about
the facts in the case.   On the night of the 20th of February,
1897, the plaintiff while walking rapidly on Fifty-eighth
street crossed the street diagonally from the defendant's house
in order to take a cab, and stumbled over a stepping stone or
carriage block maintained by the defendant in front of the
residence No. 324 West Fifty-eighth street.   The stone over
which he fell was eighteen inches high, thirteen inches long
and sixteen inches wide.   There was an open passageway
between the stone and the house in front of which it stood of
about eight feet of sidewalk.   The front edge of the stone
was back from the front edge of the curb about nine or ten
inches, and the place where the accident occurred was so
lighted at the time that the plaintiff could easily see the cab
which he sought to take and which was about two hundred
and fifty feet away from him when he saw it.   The theory of
the plaintiff is that this stepping stone maintained upon the
sidewalk in front of the defendant's house was a public nuis-
ance, and that she is responsible to him in damages for the
injury sustained.

On the trial of the action testimony was given on both sides
in regard to the facts and circumstances and there was no
material conflict as to the nature of the alleged obstruction,
or as to the manner in which the plaintiff received the injury.

The defendant's counsel requested the court to dismiss the complaint, or to direct a verdict in favor of the defendant. The court decided to submit the case to the jury, reserving, however, the decision of the defendant's motion until after the case had been passed upon by the jury. The jury returned a verdict for the plaintiff for $1,000, which the trial court subsequently, upon consideration of the whole case, set aside and dismissed the complaint, holding and deciding virtually that the undisputed facts and circumstances disclosed at the trial constituted no ground of liability on the part of the defendant. The action of the trial court was unanimously affirmed at the Appellate Division, and the question here is whether there was any evidence given at the trial which should have been submitted to the jury, or which disclosed any cause of action against the defendant.

We think the decision below was clearly right. No other result could be upheld unless we are prepared to say that every object of this character which is placed in a public street constitutes a nuisance, or that a jury would be justified in finding it to be such. It is quite true, as the learned counsel for the plaintiff contends, that every unlawful obstruction placed in a public street which endangers the safety of travelers may be regarded as a nuisance, but the question is what object will constitute an unlawful or dangerous obstruction. There are some objects which may be placed in or exist in a public street, such as water hydrants, hitching posts, telegraph poles, awning posts or stepping stones such as the one described in this case, which cannot be held to constitute a nuisance. They are in some respects incidental to the proper use of the street as a public highway. The hitching post, for instance, in front of a private residence, is intended, not only for the convenience of the private individual, but for the safety of the public as well, since it is intended to guard against accidents resulting from runaway teams or horses. It is quite conceivable that a shade tree located within the boundaries of the street or highway may cause an accident or injury to a private individual using the street. But it does not follow that it

constitutes a public nuisance in the highway. The stepping stone in this case, located upon the sidewalk in front of a private house, was a reasonable and necessary use of the street, not only for the convenience of the owner of the house but for other persons who desired to visit or enter the house for business or other lawful purpose. It did not interfere in the least with the use of the roadway or bed of the street; nor did it interfere to any appreciable or unreasonable extent with the use of the sidewalk. There was eight feet of a clear open space upon the sidewalk for the use of travelers, and the fact that the plaintiff, while hurrying in the night time to take a cab, stumbled over the stone, when the place was well lighted and the object plainly visible, does not prove or tend to prove that the defendant was guilty of any wrong or breach of duty in maintaining the stepping stone in front of her house. It is true that the plaintiff was injured, but that was the result of an accident, due possibly to his own fault, but at all events not to any fault on the part of the defendant, or to any unlawful obstruction by the defendant of the street. The question involved in the case is, we think, well settled by authority. (*Dubois* v. *City of Kingston*, 102 N. Y. 219 ; *Dougherty* v. *Trustees, Village of Horseheads*, 159 N. Y. 154.) While it is said that these cases involved only the question of liability on the part of a municipality for negligence, they also decided that the existence of objects of this character in the streets is lawful. If the city could not be held liable for permitting them to be there after notice, neither can the defendant be held liable for placing them there. The question involved in this class of cases is whether the object complained of is usual, reasonable or necessary in the use of the street by the owner of the premises, or any one else.

We think that the judgment is right, and must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.

Judgment affirmed.