## WOLFF *v.* DISTRICT OF COLUMBIA.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 62. Argued November 11, 1904.—Decided January 3, 1905.

An object which subserves the use of streets need not necessarily be considered an obstruction although it may occupy some part of the space of the street.

The duty of a city to specially illuminate and guard the place where an object is depends upon whether such object is an unlawful obstruction.

Under §§ 222 and 233, Rev. Stat., District of Columbia, the District is not prohibited from permitting a stepping-stone on any part of the street because it is an obstruction *per se* nor is the District required to specially illuminate and guard the place where such stepping-stone is located.

THIS is an action for damages for injury caused to plaintiff in error (who was also plaintiff below) by an alleged negligent omission of duty by the District of Columbia.

On the twenty-seventh of October, 1895, about nine o'clock in the evening, plaintiff had occasion to visit Sangerbund Hall, a house on C street, in the city of Washington. On coming out, and for the purpose of approaching a wagon which was standing in the street, he walked rapidly across the sidewalk and, by falling over a block of stone called a stepping-stone or carriage step, which was on the sidewalk near the curb, broke his leg. Some time subsequently he was compelled to submit to its amputation.

The charge against the city was that it was a body corporate and municipal, and had the power, and was its duty, to keep the sidewalks free of obstructions and nuisances, one of which, it was alleged, said stone was. And further, that it was the duty of the District of Columbia to keep the streets properly lighted. In neglect of both, it was alleged, it did "allow and suffer" the stone to be securely fastened into and remain upon the sidewalk, and did "keep and continue" it there during the nighttime of the twenty-seventh of October, without a light to show its presence or a watchman to notify wayfarers of its existence. Damages were laid at $25,000. The District of Columbia pleaded not guilty. A jury was impanelled. At the conclusion of the testimony the District moved the court to instruct a verdict for it on the ground that the plaintiff had not made out a case. The motion was granted, and a verdict rendered in accordance with the instructions. A motion for a new trial was made and denied, and the case was then taken to the Court of Appeals, which affirmed the judgment of the court below. 21 D. C. App. 464.

*Mr. John C. Gittings*, with whom *Mr. D. W. Baker* was on the brief, for plaintiff in error:

The stepping-stone was an unlawful obstruction *per se.* Secs. 222–230, Rev. Stat., Dist. of Col.; *Dist. of Col.* v. *Libbey*,

9 D. C. App. 321; *Curry* v. *Dist. of Col.*, 14 D. C. App. 423; *United States* v. *Cole*, 18 D. C. App. 504; *Scranton* v. *Catterson*, 94 Pa. St. 203; *Davis* v. *City of Austin*, 22 Tex. Civ. App. 460. The District of Columbia is liable to the same extent as other municipalities are. *Barnes* v. *Dist. of Col.*, 91 U. S. 540; *Woodbury* v. *Dist. of Col.*, 136 U. S. 450. *Dubois* v. *Kingston*, 102 N. Y. 219; *Roberts* v. *Powell*, 168 N. Y. 411, on which defendant in error relies can be distinguished.

It was the duty of the District of Columbia to so light this street as to show the existence of this stone.

*Mr. E. H. Thomas*, with whom *Mr. Andrew B. Duvall* was on the brief, for defendant in error:

No duty of the municipality was violated by permitting this stone to remain on the sidewalk. It was not, in view of its size and location, an unlawful obstruction, or a nuisance. See Building Regulation, January 1, 1877, p. 23, § 23; June 3, 1882, p. 23, § 23; November 1, 1899, p. 24, § 4; June 26, 1891, p. 27, § 11; December 1, 1892, p. 28, § 10; May 2, 1894, p. 31, § 10; August 8, 1892, Art. VIII, § 3, p. 14; March 12, 1895, p. 23; Present Police Regulations, Art. VIII, § 10, p. 38; Webb's Digest, 65; Act of March 3, 1891, Bldg. Reg., pp. 80–89; *O'Lind* v. *Lothrop*, 21 Pick. 292, 297; 2 Dillon Munic. Corp. § 734; *Howes* v. *Dist. of Col.*, 2 D. C. App. 193; *Dist. of Col.* v. *Libbey*, 9 D. C. App. 325; *Nor. Transp. Co.* v. *Chicago*, 99 U. S. 635; *Dubois* v. *Kingston*, 102 N. Y. 219; *Robert* v. *Powell*, 16 N. Y. 414.

Municipalities must exercise ordinary care in the construction and maintenance of streets and sidewalks, but that duty is not violated by permitting a carriage block of the usual size to occupy the usual position of such blocks on the sidewalk, near the curb, and not upon that portion of the sidewalk which is designed for the use of pedestrians going upon or passing along the walk. *Cincinnati* v. *Fleisher*, 63 Ohio St. 229. A hitching post is not a defect. *Macomber* v. *Taunton*, 100 Massachusetts, 255; *Rockford* v. *Tripp*, 83 Illinois, 247. A

city's failure to place a fence around a water hydrant which is properly located cannot render it liable for an injury caused by a traveler driving against it. *Vincennes* v. *Thuis,* 63 N. E. Rep. 315; *Canavan* v. *Oil City,* 183 Pa. St. 611.

A municipality has the discretionary power to locate a fire plug on a sidewalk. *Horner* v. *Philadelphia,* 194 Pa. St. 542.

Plaintiff in error was. bound to exercise ordinary care. *Howes* v. *Dist. of Col.,* 2 D. C. App. 188; *Allis* v. *Columbian University,* 19 D. C. App. 270; *Dist. of Col.* v. *Ashton,* 14 D. C. App. 579; *Swart* v. *Dist. of Col.,* 17 D. C. App. 412; *Quimby* v. *Filter,* 62 N. J. L. 766; *Moore* v. *Richmond,* 85 Virginia. 538.

MR. JUSTICE MCKENNA, after making the foregoing statement, delivered the opinion of the court.

1. The first contention of plaintiff in error is that the stone was an unlawful obstruction, *per se.* This is deduced as a consequence from section 222 of the Revised Statutes of the District of Columbia, which reads as follows:

"No open space, public reservation, or other public grounds in the city of Washington, nor any portion of the public streets and avenues of said city, shall be occupied by any private person or for any private purpose whatever."

This section cannot be construed to prohibit putting upon a street any object without regard to its effect on the use of the street. The sweeping character of such a construction need not be pointed out. There are objects which subserve the use of streets and cannot be considered obstructions to them, although some portion of their space may be occupied. This is illustrated by a number of cases.

In *Dubois* v. *City of Kingston,* 102 N. Y. 219, a stepping-stone three feet four inches in length and twenty inches wide was placed on the edge of the sidewalk. The court observed that the stone was not of unusual size or located in an improper place, and that it would be extending the liability of cities too far to hold them liable for permitting-stepping stones on the edge of sidewalks.

*Robert* v. *Powell*, 168 N. Y. 411, was also an action for injuries caused by a stepping-stone. The court said: "There are some objects which may be placed in or exist in a public street, such as hydrants, hitching posts, telegraph poles, awning posts or stepping-stones, such as the one described in this case, which cannot be held to constitute a nuisance. They are in some respects incidental to the proper use of the streets as to a highway. . . . The stepping-stone in this case, located upon the sidewalk in front of a private house, was a reasonable and necessary use of the street, not only for the convenience of the owner of the house but for other persons who desired to visit or enter the house for business or other lawful purposes."

It was further remarked: "The question involved in this class of cases is, whether an object complained of is usual, reasonable or necessary in the use of the street by the owner of the premises, or any one else."

*City of Cincinnati* v. *Fleisher, Ad'mr.*, 63 Ohio St. 229, 234, also passed upon a city's liability for the existence of a stepping-stone upon a sidewalk. The court said: "It [the stone] was within that portion of the street by the curb which, according to common usage, is devoted to carriage blocks, lamps, hitching posts and shade trees, which pedestrians of ordinary care observe and avoid." And *Elster* v. *Springfield* was quoted, to the effect that "the laying of sewers, like that of gas and water pipes, beneath the soil, and the erection of lamps and hitching posts, etc., upon the surface, is a street use, sanctioned as such by their obvious purpose and long-continued usage."

It was held in *Macomber* v. *City of Taunton*, 100 Massachusetts, 255, that a hitching post was not a defect in the highway for which the city was liable for permitting it to remain.

Plaintiff in error cites *City of Scranton* v. *Callerson*, 94 Pa. St. 202, and *Davis* v. *City of Austin*, 22 Texas Civ. App. 460.

In the first case, an iron water plug in the middle of a street and projecting above its surface, was held to be a nuisance. Obviously the case is not in point. The second case sustains

the contention of plaintiff in error, but cannot be followed against the authority and reasoning of the other cases.

2. The second contention of plaintiff in error is that it was the duty of the District of Columbia to so light the street as to show the presence of the stone thereon, the District having full knowledge thereof. This duty is made to rest mainly upon section 233 of the Revised Statutes of the District of Columbia, which is as follows:

"The proper authorities are directed to increase, from time to time as the public good may require, the number of street lamps on any of the streets, lanes, alleys, public ways and grounds in the city of Washington, and to do any and all things pertaining to the well lighting of the city."

This, in one sense, is but another form of the first contention. The duty of a city to especially illuminate a place where an object is, or to put a policeman on guard by it to warn pedestrians, depends upon the object being an unlawful obstruction.

The plaintiff in error can claim nothing from the general duty of the city under the statute to light the streets. The exercise of such duty was necessarily a matter of judgment and discretion, depending upon considerations which this record does not exhibit.

*Judgment affirmed.*