## Wytheville.

CITY OF RICHMOND v. GENTRY AND ANOTHER.

June 9, 1910.

Absent, Harrison and Cardwell, JJ.

1. MUNICIPAL CORPORATIONS—*Obstructed Sidewalk—Steps—Negligence Per Se.*—If a stone three and a half feet long, one foot wide,. and six-tenths of a foot thick be placed on a city sidewalk, to facilitate entrance to a building, and the evidence tends to show that it was set ten inches out from the building and constituted an obstruction and menace to pedestrians, it cannot be said, as a matter of law, that it was not such an obstruction to the sidewalk as to render the city liable for an injury proximately resulting therefrom, and a requested instruction to that effect was properly refused.

2. MUNICIPAL CORPORATIONS—*Obstructed Sidewalk—Primary Liability of City or Adjacent Owner—Case at Bar.*—When it is made the duty of the jury to determine as between the city and an adjacent owner which is primarily liable for an injury resulting to the plaintiff from falling over a step placed in the sidewalk ten inches out from a building, it is not error to refuse to instruct the jury that the city cannot be held to be primarily liable when, although there was evidence that the city did not place the step or cause it to be placed in its position, there was no evidence that the owner placed it or caused it to be placed there, and the evidence tends to prove that the step had occupied that position for a period sufficiently long to impute to the city knowledge of its position, or a neglect of duty in not being informed of it.

3. INSTRUCTIONS—*Abstract Proposition of Law.*—An instruction which leaves out of view the evidence in a cause is properly refused, although it correctly states an abstract proposition of law.

4. INSTRUCTIONS—*Stating Rule of Law and Exception—Conflict.*—Where one instruction defines the duty of a city to pedestrians generally traversing its streets, and another the duty of the plaintiff in traversing a known obstruction, this does not pre--

sent a case of conflicting instructions, but rather the statement of a rule and the exception thereto, and it is for the jury to determine, upon the evidence, whether the rule or the exception is to be applied.

Error to a judgment of the Circuit Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff against the city of Richmond. City of Richmond assigns error.

*Affirmed.*

Instruction 2 given at the instance of the defendant in error, and instruction L given at the instance of the city of Richmond, both of which are referred to in the opinion of the court, are as follows:

### *Instruction 2.*

"The court instructs the jury that a person using the streets of the city of Richmond is held to the exercise of only ordinary care and is not required to anticipate danger, or to be on the lookout for its existence, and is not required to keep his eyes on the sidewalk at every moment. Such person has the right to assume that the streets of the city of Richmond are in a reasonable, safe, and proper condition for travel by night as well as by day, and that the city has exercised reasonable care to keep them in such condition."

### *Instruction L.*

"The court instructs the jury that the plaintiff having admitted in her evidence that she well knew of the location of the step in the declaration mentioned alleged to have constituted an obstruction on the sidewalk over which she fell, it became her duty in passing along said sidewalk on the night of the accident at the point thus obstructed to use greater

care to avoid an accident than would otherwise have been necessary, and if they, the jury, believe from the evidence that she did not exercise such care in passing along the sidewalk at said point as a person of ordinary care with such knowledge would have exercised, then she is guilty of contributory negligence and not entitled to recover in this case."

*Henry R. Pollard* and *Geo. Wayne Anderson*, for the plaintiff in error.

*Frank T. Sutton, Jr., E. M. Roscher* and *P. A. L. Smith*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

This was an action by the defendant in error, Alice Gentry, against the city of Richmond, to recover damages for an injury sustained by a fall caused by the unsafe condition of the sidewalk in said city.

By an act approved February 3, 1900 (Acts 1899-1900, p. 288), it is provided, that "in any action against the city to recover damages against it, for any negligence in the construction and maintenance of its streets, alleys or parks, where any person is liable with the city for such negligence, every such person shall be joined as defendant with the city in any action brought to recover damages for such negligence, and where there is a judgment or verdict against the city, as well as the other defendant, it shall be ascertained by either the court or the jury which of the defendants is primarily liable for the damages assessed."

Under this statute one Henry Holzgrefe was joined with the city as defendant. There was a verdict and judgment for the plaintiff, during the trial several bills of exception were taken, and the case is before us upon a writ of error.

At an early period in the trial it appeared that one Mollen

was a tenant in actual possession of the premises, which belonged to the defendant, Henry Holzgrefe, and the city of Richmond moved the court to dismiss the suit as to it because the tenant had not been made a party defendant, which the court refused to do, and its refusal constitutes the first assignment of error. This assignment was withdrawn when the case was argued before us, and need not be further considered.

The evidence tends to prove that Mrs. Gentry, a widow, fifty-eight years of age, had lived for many years in the city of Richmond in the immediate vicinity of the scene of the accident, and at the time of its occurrence was a nurse in the family of William Myer. Between six and seven o'clock on the evening of the 28th of April, 1908, while passing along the west side of Munford street, north of Leigh street, going in a northerly direction towards Brook avenue, in company with two little girls, the children of her employer, the youngest of whom was five years old and the other a few years older, she came in contact with a stone located on the sidewalk, used as a step, in front of a side entrance to a store, known as No. 700 West Leigh street, that being the corner building at the northwest corner of Leigh and Munford streets, which house was owned by Henry Holzgrefe, and occupied by M. Mollen as a store and dwelling. The stone rested upon the surface of the paved sidewalk, and by actual measurement was shown to be three feet six inches long and one foot in width, and on its southern end against which the plaintiff claimed to have stumbled was six-tenths of a foot in thickness. The evidence further tended to show that there was located a gas lamp at the southwest corner of Leigh and Munford streets, distant seventy-three feet from the northern end of said stone, and on the same side of the street, in a northerly direction from the northern end of the stone, there was also located another gas lamp distant about seventy-six feet, and that there were no intervening objects

which could obstruct the light thrown upon the stone from the two lamps mentioned above. It further appears that the lamps had been lighted.

It appears that the plaintiff stumbled over the stone, fell and seriously hurt her arm; that her eye-sight was not good, and for that reason, at the suggestion of the older of the two girls, she was placed on the inside instead of next to the street line. It seems that she had often passed the point, and knew of the stone on the sidewalk. The older of the two girls also testified that she knew of the stone, and that she herself had used it in going in and out of the house, and that it was generally used for that purpose. There was also evidence tending to show that the stone was ten inches out from the house, so that the children were accustomed to walk and play between the stone and the house. We do not deem it necessary to refer to the evidence as to the character and extent of the plaintiff's injury as there can be no question that the evidence upon that point is quite sufficient to sustain the verdict.

The second assignment of error is to the refusal of the court to give the following instruction asked for by the city:

"The court instructs the jury that though they believe from the evidence that the step in the declaration mentioned was an encroachment upon the street, and that the plaintiff received injury by coming in contact therewith as in the declaration alleged, and that the same was the proximate cause of the accident, yet, inasmuch as the evidence in the case as to the nature, size, character and use of the step is clear and is without conflict, the court instructs the jury that as a question of law the said step was not such an obstruction in the street as to render the city of Richmond liable for the injury resulting therefrom, and they should find a verdict for the defendant, the city of Richmond."

The doctrine relied upon by the city is that whether one has been guilty of negligence or not is a mixed question of

law and fact, to be determined by the court where the facts are undisputed or conclusively proved; but where the facts are disputed or the evidence conflicting to be submitted to the jury. Citing a number of authorities from this and other courts.

We need not in this case trouble ourselves with a discussion of the authorities or a determination of the question presented, for the facts take this case entirely out of their influence. If this stone had rested against the side of the house, then the evidence as to its nature, size, character, use and position being without conflict it may be conceded would have presented a question of law for the court. But the position of the stone is of first importance, and the evidence strongly tends to prove that it was not against the house, but was ten inches out from the house—in a position where it was an obstruction and a menace to those using the street. We think the court was right in refusing the instruction asked for.

Bill of exception No. 3 is to the refusal of the court to give instructions "B," "C" and "E" as asked for by the city.

Instruction "B" is as follows: "The court instructs the jury that inasmuch as there is no evidence in this case to show that the city of Richmond placed the step on the sidewalk, as in the first count of the declaration alleged, they, the jury, should they find on the evidence, under the instructions of the court, that the plaintiff is entitled to recover against the city of Richmond, cannot properly find that the city of Richmond is primarily liable for any damages assessed in favor of the plaintiff.

Instruction "C": "The court instructs the jury that if they believe from the evidence, under the instructions of the court, that the city of Richmond, as well as the other defendant was guilty of the negligence in the declaration charged against them, and that the plaintiff without fault on her part, was damaged as in the declaration alleged, then in assessing the

damages against the defendants, they should find, and so state in their verdict, that the defendant other than the city of Richmond is primarily liable for the damages so assessed."

Holzgrefe, the owner of the property, was made a de-fendant with the city by virtue of the provisions of its char-ter. It was for the jury, under proper directions from the court, to ascertain whether he or the city was primarily liable as between themselves for the injury to the plaintiff, in the event the jury should find a verdict against both of them. We think the court properly refused instructions "B" and "C," for while there was evidence that the city of Rich-mond did not place the step or cause it to be placed against the house, there was no evidence that the other defendant placed it or caused it to be placed at a point in the street ten inches distant from the house, and the evidence does tend to prove that it had occupied that position for a period sufficient to justify the jury in imputing to the city knowl-edge as to its position, or a neglect of duty in not being informed as to it.

Instruction "E" is as follows: "The court instructs the jury that reasonable care is defined in the instructions of the court as a relative duty to be determined according to the facts and circumstances of each case, and in this case the court says to the jury that a pedestrian passing along or using that portion of the sidewalk immediately adjacent to the property line, where obstructions are more likely to be found, must exercise greater care than one passing along the center of the sidewalk where there is less probability of ob-structions."

Assuming that it properly states an abstract proposition of law, it was properly refused because it leaves out of view the evidence as to the actual position of the step away from the house and in the midst of the sidewalk.

Instruction No. 2, asked for by the defendant in error and given by the court is a correct statement of the general rule

upon the subject, while instruction "L" asked for by the city and given by the court is a correct statement of the exception to the rule. It is true that there is evidence tending to show that the defendant in error knew of the existence and position of this obstruction, but it is shown in evidence that her eye-sight was bad, and that circumstance doubtless had weight with the jury in determining whether or not they would apply the rule or the exception. It is not a case of contradictory instructions. Both of them correctly state the law, and its application to the particular case depended upon the view the jury might take of the proof.

The remaining objections to instructions are as to the order of liability of the two defendants, and we think that question was fairly submitted to the jury, and upon the whole case that the judgment of the circuit court should be affirmed.

*Affirmed.*