Statement.

## Wytheville.

### CITY OF RICHMOND V. LAMBERT AND OTHERS.

June 9, 1910.

Absent, Harrison, J.

1. MUNICIPAL CORPORATIONS—*Streets—Obstructions—When Liability is a Question of Law.*—A municipal corporation is not an insurer against accidents upon its streets and sidewalks, nor is every defect therein actionable, although it cause the injury sued for. It is sufficient if the streets are in a reasonably safe condition for travel, in the ordinary modes, with ordinary care, by day or night. Whether or not they are in such condition is to be determined by the circumstances of the particular case. If the evidence is clear and without conflict as to the nature, size, character and use of a step which encroaches upon a sidewalk, then it becomes a question of law to be decided by the court whether or not it is such an obstruction as to render the city liable for an injury resulting therefrom.

2. MUNICIPAL CORPORATIONS—*Sidewalks—Projecting Steps.*—A step four and a half inches high and ten and a half inches wide, placed on a city sidewalk close up to a building abutting thereon, and used as a means of access to the building, does not constitute such an unlawful obstruction in the sidewalk, nor interfere to such an appreciable and unreasonable extent with the use thereof as to render the city liable for an injury resulting therefrom.

Error to a judgment of the Circuit Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. One of the defendants assigns error.

*Reversed.*

The opinion states the case.

*Henry R. Pollard* and *George Wayne Anderson*, for the plaintiff in error.

*Jno, A. Lamb* and *Samuel A. Anderson*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

This is an action brought by Lambert against the city of Richmond to recover damages for an injury which was received by him from a fall, due as he contends to the negligence of the city of Richmond in. failing to keep its streets in a reasonably safe condition. The particular ground of complaint stated in the declaration is that there was a step on Williamsburg avenue, one of the streets of the city, between Louisiana and Graham streets, in front of the building known as No. 3822, over which the plaintiff stumbled and fell and received the injury of which he complains. In obedience to a provision of the charter of the city of Richmond, Segar Waters, Orelia Waters and A. Anderson, who were the "owners, users or lessees of the property" in front of which the step was situated, were made parties defendant, and such proceedings were had as resulted in a verdict and judgment for the plaintiff for $2,000, and the case is before us upon a writ of error.

During the progress of the trial there were many exceptions taken to the rulings of the court, but in the view which we take of the case we deem it unnecessary to consider but one of them, a decision of which will be conclusive of the controversy.

The court was asked to instruct the jury as follows: "The court instructs the jury that, though they believe from the evidence that the step in the declaration mentioned was an encroachment upon the street, and that the plaintiff received injury by coming in contact therewith as in the declaration alleged, and that the same was the proximate cause of the accident, yet, inasmuch as the evidence in the case as to the

nature, size, character and use of the said step is clear and is without conflict, the court instructs the jury that as a question of law the said step was not such an obstruction in the street as to render the city of Richmond liable for the injury resulting therefrom, and they should find a verdict for the defendant, the city of Richmond."

The step in question was 4 1-2 inches high and 10 1-2 inches wide, was close up to the building in front of which it was placed, and was used as a means of access to it. We are of opinion that such a step, in such a place, did not constitute an unlawful obstruction in the street, and did not interfere to an appreciable or unreasonable extent with the use of the sidewalk.

In *Parrish* v. *City of Huntington*, 57 W. Va. 286, 50 S. E. 416, it is said: "A municipal corporation is not an insurer against accidents upon streets or sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the street is in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night; and whether so or not is a practical question, to be determined in each case by its particular circumstances.

"Where the evidence is without conflict, and it is clear and conclusive therefrom that a particular obstruction existed upon the sidewalk of the street of a municipal corporation, it is a question of law as to whether or not the obstruction was such as to render the sidewalk not in a reasonably safe condition, and thereby make the corporation liable in damages to a person injured by reason thereof."

In *Robert* v. *Powell*, 168 N. Y. 411, 61 N. E. 699, 55 L. R. A. 775, 85 Am. St. Rep. 673, it was held, that a stepping stone to facilitate access to carriages, placed near the edge of the sidewalk, which does not interfere in the least with the use of the roadway, or to an appreciable extent with the use of the sidewalk, is not a nuisance so as to give a foot passenger injured by stumbling over it in attempting to cross

the street at a time when it is plainly visible, a right of action against the owner. In the course of the opinion the court said: "The stepping-stone in this case, located upon the sidewalk in front of a private house, was a reasonable and necessary use of the street, not only for the convenience of the owner of the house, but for other persons who desired to visit or enter the house for business or other lawful purpose. It did not interfere in the least with the use of the roadway or bed of the street, nor did it interfere to any appreciable or unreasonable extent with the use of the sidewalk. There was eight feet of a clear open space upon the sidewalk for the use of travellers; and the fact that the plaintiff, while hurrying in the night time to take a cab, stumbled over the stone when the place was well lighted and the object plainly visible does not prove, or tend to prove, that the defendant was guilty of any wrong or breach of duty in maintaining the stepping-stone in front of her house. It is true that the plaintiff was injured. but that was the result of an accident, due possibly to his own fault. but at all events not to any fault on the part of the defendant or to any unlawful obstruction by the defendant of the street."

In *Dubois* v. *Kingston*, 102 N. Y. 219, 6 N. E. 273, 55 Am. Rep. 804, a stepping-stone three feet four inches in length and twenty inches wide was placed on the edge of the sidewalk. The court observed that the stone was not of unusual size or located in an improper place, and that it would be extending the liability of cities too far to hold them liable for permitting stepping-stones on the edge of sidewalks.

In *Wolff* v. *District of Columbia*, 196 U. S. 152, 49 L. Ed. 426, 25 Sup. Ct. 198, the court said: "There are objects which subserve the use of streets and cannot be considered obstructions to them, although some portion of their space may be occupied."

"It would be adding to the corporate liability beyond reasonable limits," said Mr. Justice Miller in *Dubois* v. *Kingston*,

*supra*, "to hold that stepping-stones, which are almost a necessity in providing for the interest, comfort and convenience of the public in the maintenance of walks, avenues and streets, constitute a nuisance or obstruction, and that corporations are liable for damages by reason of accidents caused thereby."

The cases we have cited have dealt specifically with objects such as hydrants, hitching-posts, telegraph poles, awning posts and stepping-stones in the sidewalk next to the street or curb, and they have been held not to constitute a nuisance, but to be a reasonable and necessary use of the street. In the case before us, the stepping-stone was equally useful and equally necessary to the enjoyment of the premises in front of which it was placed; indeed, it subserved the convenience of a greater number of persons than a horse-block would have done. The number of such steps in this city is very great. To compel their removal would be a great hardship, and we think it may safely be left to the city to determine when their removal should be required.

This case is to be differentiated from that of the *City of Richmond* v. *Gentry*, *ante*, p. 160, 68 S. E. 274, by the fact that the stone in that case was ten inches from the building in front of which it was placed, and, therefore, in the midst of the sidewalk.

We are of opinion that the court erred in refusing to grant instruction "G," and that for this error its judgment must be reversed.

*Reversed.*