## Weppner v. City of Louisville.

(Decided May 4, 1937.)

J. RIVERS WRIGHT and ANTON B. DREIDEL for appellant.
GAVIN COCHRAN and JOHN DOUGHERTY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Very late in the evening of October 29, 1934, R. C. Weppner, while walking westward on the north side of Jacob street in the City of Louisville, with the intention of catching a northbound car on Second street, fell over a stepping stone which stood near the curb on the sidewalk along Jacob street and 6 feet from the property line on the east side of Second street. He instituted this action against the city to recover for injuries to his person and to some of his personal effects as a result of the fall over the stone which he alleges the city negligently permitted to remain on the sidewalk. At the close of plaintiff's evidence, the court peremptorily instructed the jury to find for the city, and this appeal is from the judgment entered in conformity with the directed verdict.

It is argued in effect by counsel for appellant that the stone over which he fell was an unlawful obstruction or at least that it was of such nature that in case of an accident of this character it was for the jury to determine questions of negligence or contributory negligence and the court erred in determining as a matter of law that the city was not negligent in permitting the stone to remain upon the sidewalk.

Photographs of the premises found in the record more clearly reveal the situation than does the evidence of the witnesses. According to the evidence, the stone was a cube of about 17 inches, the outer edge of which was about 8 or 9 inches from the curb of the sidewalk. As shown by the photographs and as indicated by evidence of witnesses, it was permanently set and used as a stepping stone for entering carriages or mounting

530

horses. It is situated opposite the Y. M. H. A. building where the sidewalk is about 10 feet wide.

Appellant 'testified that he made measurements and found that the inner edge of the stone was 42 inches from the curb, but did not give the distance between the stone and the Y. M. H. A. building. The janitor at the Y. M. H. A. building testified that the stone was there when he began working at the building more than 16 years ago; that he often sat on the stone with his feet on the curb; and that it was about 8 or 9 inches from the curb, so according to his evidence, the stone extended about 25 inches from the curb and this would leave an open space of approximately 8 feet between it and the building. Appellant testified that as he neared Second street he saw the north bound street car approaching and he was walking very rapidly to catch it when he fell over the stone. The street car stopped at the northeast corner of Jacob and Second streets which was opposite the corner near where he fell. There is a light near the intersection, but he testified that the stone was obscured by the shadow of an automobile parked at the curb. The janitor also testified that the point where the stone stood was somewhat darkened in the nighttime by the shadow of foliage or limbs of a tree, but it is not shown how far these shadows extended onto or whether the space between the stone and the Y. M. H. A. building was obscured by them.

Counsel for appellant cite the case of City of Newport v. Miller, 93 Ky. 22, 18 S. W. 835, 13 Ky. Law Rep. 889, as being directly in point and indicating liability on the part of the city. In that case the complaining party fell over a stump standing on the sidewalk 3 or 4 inches within the curb. The stump was 2 feet high and 22 inches in diameter. The city offered to prove that the property owner who cut the tree down left the stump with the view of making it a hitching post and that at other points in the city and at like places on the sidewalk stumps had been left for the same purpose and that water hydrants, hitching posts, stepping stones, and similar obstructions were to be found at like places on the sidewalk. The court refused to admit this evidence, and properly so, as held by this court, it being said in effect, in the opinion, that it was for the jury to determine whether this was a useless and dangerous obstruction. A careful reading of that opinion will reveal that

the court, inferentially at least, recognized the right of the city to maintain or permit such things as hydrants, hitching posts, stepping stones, etc., at proper places on or along its sidewalks. Among other domestic cases relied on by counsel for appellant are City of Providence v. Hunter, 231 Ky. 72, 21 S. W. (2d) 135; City of Louisville v. Brewer's Adm'r, 72 S. W. 9, 24 Ky. Law Rep. 1671; City of Louisville v. Hans, 167 Ky. 160, 180 S. W. 65; City of Louisville v. Keher, 117 Ky. 841, 79 S. W. 270, 25 Ky. Law Rep. 2003. In the first case it appears that the city of Providence had taken up a portion of a brick sidewalk and reconstructed it with concrete and where the two portions of the pavement joined, the concrete was about 8 inches higher than the brick pavement, thus making a step of that height in the sidewalk. There was no showing that the step was necessary to eliminate a grade in the sidewalk or that it was so constructed other than as a matter of convenience. It was held in an action by a person who stumbled and fell over the step that the evidence was sufficient to take the case to the jury. In the second case the city permitted wooden posts about 2½ feet high to stand in the traveled portion of the street. There was a cinder path 4 or 5 feet wide running along the edge of the street. William Brewer, an old man walking on this cinder path in the nighttime, fell over one of the posts which stood in the center of the path and sustained injuries from which he died. It appears that he knew the posts were in the pathway. It was held in the proven circumstances the injured person was not guilty of contributory negligence as a matter of law. In the Hans Case it was held in effect that it was a question for the jury whether the city was guilty of negligence in permitting a garbage can to remain upon the sidewalk for several days when it was the duty of the city to remove the garbage from the can on the day it was placed on the sidewalk and the duty of the property owner to remove the can after it was emptied. In the Keher Case a property owner constructing a building placed building material in the street. There was an ordinance which permitted the use of one-third of the street for such purposes, but in this instance, the building material, mortar boards, etc., extended more than half way across the street with nothing to warn travelers of the obstruction in the street. It was held in substance that the city having notice of such condition would be liable to one injured

by running into the materials in the nighttime. Other domestic cases cited by appellant relate to breaks or structural defects in sidewalks.

The cases cited by appellant are in harmony with the general trend of authority that while a municipality is not an insurer of the safety of persons using its sidewalks, it is under a duty to exercise ordinary care to keep its sidewalks in reasonably safe condition for travel by persons exercising ordinary care for their own safety; and that pedestrians have a right to assume and proceed upon the assumption that sidewalks are reasonably safe for travel, and do not have to be constantly on the alert for hidden defects or obstructions of which they have no notice or which may not be reasonably anticipated. However, it is a matter of common knowledge that certain things in the nature of obstructions, such as mail boxes, telephone and telegraph poles, hitching posts, stepping stones, etc., which are necessary for the convenience as well as the protection of persons and their property, are maintained along or near the curb of sidewalks and the traveling public is charged with notice of the use of the sidewalks for such purposes. No case from this court has been pointed out and we find none dealing with obstructions of this character which are for the convenience or protection of the public, but we do find cases from other jurisdictions directly in point. However, in passing, attention might be called to the case of Teager v. City of Flemingsburg, 109 Ky. 746, 747, 60 S. W. 718, 22 Ky. Law Rep. 1442, 53 L. R. A. 791, 95 Am. St. Rep. 400, where it was held that the city was not guilty of actionable negligence in having a step in a sidewalk which from the nature of the grade was necessary and proper; and in Town of Elsmere v. Tanner, 158 Ky. 681, 166 S. W. 220, it was held that a sidewalk elevated several inches above the surface of the ground at the edge of the walk was not so unsafe as to render the city liable in damages to one who might be injured in stepping off the edge of the walk.

In the case of City of Cincinnati v. Fleischer's Adm'r, 63 Ohio St. 229, 58 N. E. 568, a pedestrian fell over a carriage block or stepping stone about 9 inches high which extended about 2 feet from the curb of the walk. There was no guardrail, light, or sign around the block of stone which had been permitted to remain upon

the walk for a long time prior to the accident. It was held that the duty of the city to exercise ordinary care in the maintenance of its sidewalk was not violated by permitting this stone to so occupy the sidewalk. It was said in the course of the opinion that the stone was in that portion of the walk which, according to common knowledge, was devoted to carriage blocks, lamps, hitching posts, etc., which pedestrians of ordinary care observed and avoided.

In Wolff v. District of Columbia, 196 U. S. 152, 252 S. Ct. 198, 199, 49 L. Ed. 426, 1 Ann. Cas. 967, it appears that a pedestrian in walking rapidly across the sidewalk toward a wagon in the street fell over a stepping stone or carriage block which was on the sidewalk near the curb and sustained injuries necessitating the amputation of his leg. The accident occurred about 9 o'clock in the evening and it was alleged that the city was negligent in permitting the stone to remain upon the sidewalk and in failing to keep the street properly lighted to reveal it. At the conclusion of the evidence, the court sustained a motion for a directed verdict for the city. In affirming the judgment of the lower court, the Supreme Court among other things said:

"There are objects which subserve the use of streets, and cannot be considered obstructions to them, although some portion of their space may be occupied."

The opinion cited Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, 55 Am. Rep. 804, City of Cincinnati v. Fleischer's Adm'r, supra, and Robert v. Powell, 168 N. Y. 411, 61 N. E. 699, 700, 55 L. R. A. 775, 85 Am. St. Rep. 673. In the latter case it was said:

"There are some objects which may be placed in or exist in a public street, such as water hydrants, hitching posts, telegraph poles, awning posts, or stepping stones, such as the one described in this case, which cannot be held to constitute a nuisance. They are in some respects incidental to the proper use of the street as a public highway. * * * The stepping stone in this case, located upon the sidewalk in front of a private house, was a reasonable and necessary use of the street, not only for the convenience of the owner of the house, but for other persons who desired to visit or enter the house for business or other lawful purpose."

It was held that such a structure did not render the city liable for damages to the injured pedestrian. In the Dubois Case a stepping stone over 2 feet long and 20 inches wide was placed on the edge of the sidewalk. The court in holding the city was not liable in permitting it to remain there stated in substance that the stone was not of unusual size or not located in an improper place and it would be extending the liability of municipalities too far to hold them liable for permitting such things on the edge of the sidewalk. In City of Richmond v. Lambert, 111 Va. 174, 68 S. E. 276, 28 L. R. A. (N. S.) 380, it was held that a step 4½ feet high and 10½ inches wide on a sidewalk in front of a building and used as a means of access to it from the street did not constitute an unlawful obstruction so as to authorize recovery from the city by a pedestrian injured in stumbling over it. However, the opinion differentiates the case from that of City of Richmond v. Gentry, 111 Va. 160, 68 S. E. 274, where a stone was permitted to remain in the sidewalk with a space of about a foot between it and the building. There are numerous other cases holding that hydrants and like structures in or near the center of streets or sidewalks are unlawful obstructions, some of which are cited by appellant, but they are inapposite, since in this instance, the stepping stone was at or near the curb with ample unobstructed space left for the accommodation of pedestrians.

The Fleischer and other cases cited where the structure complained of was a carriage block located near the curb of a sidewalk are directly in point in so far as physical conditions are concerned. It is true that the horse and horse-drawn vehicles, predominant modes of travel in the day those cases were written, have been largely supplanted by the automobile, but we are not inclined to disregard the precedent so well established, and hold otherwise merely because the necessity for the stepping stone has been greatly lessened in the intervening years.

Judgment affirmed.

Whole court sitting.