## City of Lexington v. Clarke.

March 27, 1942.

William A. Minihan for appellant.

S. Jewell Rice and J. W. Jones for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The City of Lexington appeals from a judgment for $650 awarded the appellee, Chas. S. Clarke, for personal injuries sustained when he stumbled over a stone and fell on a sidewalk of the city.

The facts, about which there is little or no dispute, are substantially as follows: About 8 o'clock in the evening appellee was walking westwardly on High Street at a point about 100 feet east of Broadway. At this point there was a stepping stone 2.2 feet long, 1.5 feet wide and 7.5 inches high. It was not permanently set or attached to the sidewalk but was supposed to set at the curb line and parallel thereto. However, the stone was frequently moved or shoved around by cars and trucks and at the time in controversy was setting at an angle to the curb, extending onto the sidewalk something like two feet from the curb. There was uncontradicted testimony that for a number of years the stone was not used as a stepping stone or for any other purpose. When the stone was in its proper position at the curb line, the space on the sidewalk for pedestrians between the stone and the wall on the south side of the sidewalk was six feet and all of this space was open and usable by pedestrians.

The appellee claims that as he was walking towards Broadway at this point on High Street a woman approached coming eastwardly and he moved over to within a foot or a foot and a half from the curb and fell by reason of stumbling over the stone. He had seen the stone at other times but did not see it when he fell, although he realized what it was he had stumbled over. The fair inference from appellee's testimony is that he did not know the position the stone was in at the time he

fell. The testimony as to the stone being at an angle to the curb was given by other witnesses who saw appellee fall.

Appellant relies on Weppner v. City of Louisville, 269 Ky. 528, 107 S. W. (2d) 1057, as being conclusive of its right to a directed verdict. In that case the plaintiff stumbled and fell over a similar stepping stone for entering carriages or mounting horses and it was held that a verdict should have been directed for the city. It was pointed out that the city was under a duty to exercise ordinary care to keep its sidewalks in reasonably safe condition for pedestrian use but the right of the city was recognized to maintain along or near the curb such obstructions as mail boxes, fire hydrants, hitching posts, stepping stones, etc., which are necessary for the convenience of the general public. The court further said in that case that although horse drawn vehicles had largely been supplanted by the automobile it was not inclined to disregard precedent and hold the city guilty of negligence merely because the necessity for stepping stones had been greatly lessened.

It appears to us, however, that the facts of that case are readily distinguishable from those of the case before us. There the stepping stone was one permanently set and anchored in the sidewalk and, as far as the evidence showed, still served as a convenience for the general public although the necessity for it may have been greatly lessened. In the case before us the evidence shows that the convenience of the public was not served by the stone and that it was merely a loose obstruction which at times was pushed around on the sidewalk, in fact, was pushed out in the sidewalk to a certain extent at the time in controversy. Since the stone served no useful purpose and since the evidence established that it was undoubtedly a useless obstruction having potentialities of danger to pedestrians we conclude that the trial court properly submitted the case to the jury to determine whether the city performed its duty of exercising ordinary care to keep the sidewalk in reasonably safe condition for use by pedestrians.

It is argued for appellant that since appellee stated he was within a foot or a foot and a half of the curb when he stumbled and did not testify that the stone was out of place, this was an admission upon his part that the stone was in proper position and he is bound by his own testi-

mony and cannot rely on other testimony that the stone was at an angle to the curb. Cited in support of this argument is Sutherland v. Davis, 286 Ky. 743, 151 S. W. (2d) 1021. We do not regard that case as sustaining this argument. The effect of the holding in that case was that admissions made by a party in his testimony are binding on him and he should not be permitted to avert the consequences thereof by reliance on other evidence unless the circumstances and conditions give rise to the probability of error in his own testimony. In the instant case appellee did not state that he saw the stone when he fell and did not attempt to testify as to its position. He merely stated that he was about a foot or a foot and a half from the curb at the time of his fall. This was purely a matter of estimation or guesswork on his part and the probability of error in his testimony is easily recognizable. It seems clear that he was entitled to rely on other testimony to the effect that the stone was in such position as to constitute a menace to the safety of pedestrians.

Judgment affirmed.