# Richmond.

## CITY OF DANVILLE v. ODIE SALLIE.

### February 25, 1926.

1. STREETS AND HIGHWAYS—*Liability of City—City not an Insurer—Reasonable Care.*—The city is not an insurer of the safety of its streets and is required to use only reasonable care to keep them in a reasonably safe condition. Reasonable care, however, varies with the location, character, and extent of use to which the street is put.

2. STREETS AND HIGHWAYS—*Lights—Duty of the City.*—While a city is under no legal duty to light its streets in any particular locality and is not negligent in law because of such omission, nevertheless, its failure to do so might be considered in ascertaining if it were derelict in permitting an obstruction at some certain unlighted point.

3. STREETS AND HIGHWAYS—*Obstructions—Sidewalk—Meter Boxes.*—A city has the right to put a meter box on a sidewalk near the curb and is not liable for any accident occasioned thereby unless the installation was itself negligently done.

4. STREETS AND HIGHWAYS—*Liability of Municipality—Obstructions Placed by City on Sidewalk.*—A city has not discharged its full duty when it puts a lawful appliance in a proper place. The situs of location is not the only test. Dangers necessarily incident must be minimized, the job must be workmanlike and maintenance adequate.

5. STREETS AND HIGHWAYS—*Liability of Municipality—Obstructions Placed by City on Sidewalk—Due Care.—Case at Bar.*—That section of a sidewalk near the curb may be used for purposes which interfere with it as a walk way, but this principle does not relieve the city from all responsibility. In the instant case, a meter box was placed on a sidewalk where it should have been. The city in doing that work was performing a public duty, but the work itself should have been done with due care. The want of such care in the judgment of the jury was made manifest by the evidence. A municipal corporation owes to others the duty of exercising reasonable care alike in locating and constructing these lawful public utilities, and in maintaining them thereafter.

6. STREETS AND HIGHWAYS—*Installation of Meter Boxes—Case at Bar.*—In the instant case plaintiff was injured by striking her foot against a water meter box on a sidewalk near the curb. The meter box

was at grade with the curbing. Improvements of this kind are of a permanent character and should be flush with the pavement. If a city in preparation for such an improvement was to install meter boxes at grade even though they projected above the level of the surface and was to proceed with reasonable promptness to complete improvements planned there might be no recovery for damages suffered in the intervening time. But, on the other hand, such obstructions could not be permitted to project above the surface because the city expects at some indefinite time to build a pavement flush with them. The box in question was put in two or three months before the accident to plaintiff. No construction of the sidewalk had been begun and there was nothing to show that it was to be begun in the near future. .

*Held:* That the city was liable.

7. APPEAL AND ERROR—*Verdict of Trial Court Approved by Judge—Hearing on Appeal as on Demurrer to the Evidence.*—On appeal a verdict in the trial court, approved by the trial judge, is before the appellate court practically as on a demurrer to the evidence.

8. STREETS AND HIGHWAYS—*Liability of Municipality—Injury from Stumbling Over a Water Meter Box—Case at Bar.*—In the instant case plaintiff was injured when at night she stumbled over a water meter box on the sidewalk which stood from two and a half inches to six inches above the surface of the sidewalk. The box had been set up by the city two or three months before the accident. It was 145 feet from the nearest light and according to plaintiff's evidence was in the shadow of trees, not easily seen. The jury found a verdict and judgment was rendered for the plaintiff.

*Held:* That the verdict of the jury must be affirmed on appeal.

Error to a judgment of the Corporation Court of the city of Danville, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. M. Aiken,* for the plaintiff in error.

*B. H. Custer* and *Lee, Martin & Gregory,* for defendant in error.

HOLT, J., delivered the opinion of the court.

This is an action for damages arising out of an accident suffered on a street in Danville.

The terms plaintiff and defendant will be used as they were in the trial court. Plaintiff on April 1, 1922, went to live with a Mrs. Sykes on Claiborne street in that city. On the night of October 31, 1922, in company with her she set out to visit a cousin and, as she puts it, went "across Harrison street and up Claiborne, past two houses there and along in front of Mrs. Weadon's where the water meter is we met a crowd of people"—hallowe'en revelers. To avoid them she and her companion turned to the right, struck her foot against a water meter box on the sidewalk near the curb, fell, and was injured. This action was brought and in due course, and on October 25, 1924, a verdict for her was returned. The verdict, over the defendant's protest, was confirmed by the court and its confirmation is the basis of the only assignment of error we are called upon to consider. This sidewalk was generally used by a large number of people. It is nine feet wide and unpaved. The estimated height of the meter box from its surface varies from two and one-half to six inches. It was about a foot in diameter and covered with an iron lid whose edge projected over the meter box proper something like a half or three-quarters of an inch, and it was on this projection that plaintiff's shoe caught. The box itself was set up by the city two or three months before the accident. It is one hundred and forty-five feet from the nearest light and, according to plaintiff's evidence, was in the shadow of trees and not easily seen. She did not in fact see it and was unaware of its existence.

Since the city put it there no question of knowledge arises.

[1, 2] Here, as in many cases, we find little con-

troversy about general principles. The city is not an insurer of the safety of its streets and is required to use only reasonable care to keep them in a reasonably safe condition. Reasonable care, however, varies with the location, character, and extent of use to which the street is put. *Erle* v. *City of Norfolk*, 139 Va. 38, 123 S. E. 364; *Carlin* v. *City of Chicago*, 262 Ill. 567, 104 N. E. 905, Ann. Cas. 1915B, 213; *Shreve* v. *City of Ft. Wayne*, 176 Ind. 347, 96 N. E. 7. In the last named case it was said that while the city is under no legal . duty to light its streets in any particular locality and is not negligent in law because of such omission, nevertheless, its failure to do so might be considered in ascertaining if it were derelict in permitting an obstruction at some certain unlighted point.

In *City of Richmond* v. *Rose*, 127 Va. 772, 102 S. E. 561, 105 S. E. 554, it was pointed out that this class of cases is one particularly for the jury's consideration.

That differs from the one in judgment in this: The accident there happened at mid-day, here it happened at night. There the obstruction was a block of concrete in a paved street raised by the roots of a tree from one and one-half to two inches. Here estimates of the height of the obstruction vary from two and one-half inches to six inches.

This *Rose Case* was hard fought. Judge Prentis dissented. It was re-heard and upon re-hearing the court adhered to its former decision.

*Boush* v. *City of Norfolk*, 136 Va. 216, 117 S. E. 867, had this in common with the instant case. In both cases the sidewalk was unpaved and in both the accident was due to a projecting water meter box. The liability of the city appears to have been conceded as a general proposition, but it was said that the ordinary rule did not there apply because 1st: The city

was without knowledge of the existing danger and because 2nd: The meter box in question was put there by the United States government.   A judgment for the plaintiff was sustained.

It would be unprofitable to review numerous cases of this general character which have come before this court.   Those noted appear to be in point and are sufficient to sustain the judgment of the court below unless that judgment falls within certain well known exceptions to municipal liability for accidents on its streets in general.

These exceptions have been thus stated:

"While, of course, in most American cities, water plugs, telegraph and telephone poles, trees and other things are allowed upon the margins of sidewalks, and pedestrians, therefore, are not expected to use such portions of the same as are occupied by these obstructions, still there can be no doubt, under the rules of law now settled by repeated adjudications in this and other jurisdictions, that the city authorities must keep in a reasonably safe condition all parts of its sidewalks which are intended to be used by the public.   It may often happen that in a particular locality a comparatively narrow portion of a sidewalk on either side or in the middle of it is much more generally used than other portions of the same; but this does not relieve the municipal authorities from liability for negligence in permitting dangerous obstructions to be continuously maintained in places upon sidewalks over which the public have a right to pass, merely because those places are not so much used as others." *City Council of Augusta* v. *Tharpe*, 113 Ga. 152, 38 S. E. 389.   To the same effect see Dillon on Municipal Corporations, section 1181; Elliott on Roads and Streets, section 792.   And our court has recognized

and approved the doctrine. *Richmond* v. *Lambert*, 111 Va. 174, 68 S. E. 276, and *Richmond* v. *Gentry*, 111 Va. 160, 68 S. E. 274.

[3] It is clear from these authorities that the city of Danville had the right to put this meter box on the sidewalk near the curb where it did put it, and was not liable for any accident occasioned thereby unless the installation was itself negligently done.

[4] But it is to be remembered that a city has not discharged its full duty when it puts a lawful appliance in a proper place. The situs of location is not the only test. Dangers necessarily incident must be minimized, the job must be workmanlike and maintenance adequate.

In *Oklahoma City* v. *Reed*, 17 Okla. 518, 87 Pac. 645, 33 L. R. A. (N. S.) 1083, a hydrant twenty-two inches high was placed forty inches from the curb. The city was held liable in that case, not because it had established a hydrant, but because it was negligent in this establishment.

In *Thunborg* v. *City of Pueblo*, 18 Colo. App. 80, 70 Pac. 148, a fire plug which caused the injury was hidden by weeds. The city was held to be negligent, not because of the location of the fire plug, but by reason of the manner it was afterwards dealt with.

*Wilkins* v. *Village of Rutland*, 61 Vt. 336, 17 Atl. 735, was a case in which a water box was installed on a dirt street and properly installed. Afterwards the surface was washed down and an accident occurred. The city was held to be negligent in its maintenance.

In *Sebert* v. *City of Alpena*, 78 Mich. 165, 43 N. W. 1098, a judgment founded upon an injury caused by a collision with a stump was sustained. The city had the right to plant shade trees along the curb and one hurt running against them would have been without

redress, but it could not with safety cut them down and leave a row of stumps.

[5] In other words, that section of a sidewalk near the curb may be used for purposes which interfere with it as a walk way, but such does not relieve the city from all responsibility. This meter box was placed where it should have been and the city in doing that work was performing a public duty, but the work itself should have been done with due care. The want of such care in the judgment of the jury was made manifest by the evidence. A municipal corporation owes to others the duty of exercising reasonable care alike in locating and constructing these lawful public utilities, and in maintaining them thereafter.

[6] There is force in the suggestion embodied in the testimony of the city engineer to the effect that the meter box was at grade with the curbing. Improvements of this kind are of a permanent character and should be flush with the pavement. If a city in preparation for such an improvement was to install meter boxes at grade, even though they projected above the level of the surface, and was to proceed with reasonable promptness to complete improvements planned, there *might* be no recovery for damages suffered in the intervening time. Everything cannot be done in a day. "Leg over leg the dog went to Dover." On the other hand, they could not be permitted to project above the surface because the city expected at some indefinite time to build a pavement flush with them. The box in evidence was put in two or three months before the accident. No construction of the sidewalk had been begun and there is nothing to show that it was to be begun in the near future.

[7, 8] .In the consideration of this case it is to be remembered that we are dealing with a verdict in a trial court, approved by the trial judge, and so the case is before us practically on a demurrer to evidence. It falls within the doctrine of the *Rose Case*, 127 Va. 772, 102 S. E. 561, 105 S. E. 554; and the *Boush Case*, 136 Va. 216, 117 S. E. 867, and it is not affected by the fact that the meter box was a public utility properly located. The jury was of opinion that it was not set up with due care. Their verdict was confirmed and we for reasons stated must in turn affirm it.

The judgment of the lower court is affirmed.

*Affirmed.*