## CIRCUIT COURT OF ARLINGTON COUNTY

Kimmitt

v.

Horton
and Virginia Power

February 26, 1990

Case No. (Law) 88–1331

By Judge Paul F. Sheridan

The above-referenced action is brought for personal injury damages. Plaintiff alleges that he was a pedestrian struck by a car at night at a place where an overhead street light "was not illuminated."

Defendant, Virginia Power (VP), had a contract with the local governing body of Arlington County in effect at the date of plaintiff's accident. The contract was to provide the lighting at this location.

Count I asserts a negligence theory against the individual defendant who was operating the car that allegedly struck plaintiff. This decision does not address Count I.

Count II asserts a "negligence" theory against VP, but the pleadings within Count II base VP's legal duty to the pedestrian-plaintiff on the contract between VP and Arlington County.

Count III asserts a breach of contract theory against VP, alleging that plaintiff was a direct and intended beneficiary of the contract between VP and Arlington County.

This suit reiterates similar claims asserted in a predecessor suit in this court "Law No. 87–170," which was nonsuited. All parties have consented to the court's consideration of pleadings and briefs filed in No. 87–170.

Both counts II and III require analysis of the civil liability of a public utility company to individual citizens injured by the failure of

the utility to provide a specific service contracted for by a local government. Here the issues of tort and contract are legally interwoven and the analysis will apply to both counts II and III.

Arlington County was under no duty to light its streets. *City of Danville v. Sallie*, 146 Va. 349, 352, 131 S.E. 788, 789 (1926). *See also*, Code of Virginia Section 15.1–380. VP was under no duty to light the streets of Arlington County except pursuant to its contract. Thus, plaintiff's civil remedies, if any, against VP arise from this contract.

Count II is an attempt to create a tort out of the contract. VP's alleged failure to illuminate the particular place where plaintiff was injured amounts, at most, to a breach of contract and not a negligence cause of action. *See Kamlar Corp. v. Haley*, 224 Va. 699, 706, 299 S.E.2d 514, 517 (1983), and *A & E Supply Company v. National Mutual Fire Ins. Co.*, 798 F.2d 669, 671 (4th Cir.), *cert. denied*, 107 S. Ct. 1302 (1987).

The allegations of paragraphs 10 and 11, Count II, allege VP's duty to plaintiff in terms of the contract language used between VP and Arlington County and include reference to "any liability" as if VP thereby assumed potential liability to individual citizens for "tortious" performance or nonperformance of the contract. That is not the legal result of such language. The parties did not, by that language, express their intent that individuals would have rights of action against VP.

Plaintiff would expand both that specific language about "liability" and the overall contract purpose to conclude that plaintiff can assert an individual negligence duty owed to him. It is true that courts have tended to recognize a duty in negligence where interests involving "safety or freedom from physical harm . . . [or] where personal injury is threatened," *Blake Construction Co. v. Alley*, 233 Va. 31, 35 (1987). But it is also true that personal safety factors or readily foreseeable threats of physical harm to the *general* public have not persuaded courts that an *individualized* duty exists. The clear presence of personal safety factors or foreseeable threats of physical harm to all pedestrians does not convert VP's contract duties into tort duties for which this plaintiff can recover.

"Safety" and "physical harm" factors were certainly understood at the time of the decisions in *H. R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 159 N.E. 896 (1928). There, Chief Justice Car-

dozo recognized that a government contract to provide utility services is usually for the benefit of the public but does not create for any individual member of the public a civil remedy for breach of the contract. That opinion concluded that utility contracts create duties to the contracting government but not to its inhabitants. *Id.* The utility service contract may be intended, therefore, to provide "safety" for the general public and to minimize "threats of physical harm," but it does not create a tort duty for which an individual can claim a civil violation and right to damages.

Thus, while the individuals who comprise the general public are intended to be the beneficiaries of the utility's services, those individuals are not *specifically intended* beneficiaries of the utility contract so as to be able to recover civilly for the utility's failure to perform its contract. *See Obenshain v. Halliday,* 504 F. Supp. 946 (E.D. Va. 1980), to the effect that an individual passenger injured or killed in an airplane that crashes because of allegedly defective safety systems at an airport does not have a civil remedy against the party who was supposed to provide or maintain those safety systems.

Cases elsewhere have reached different results. The Fourth District Court of Appeals of Florida relied upon New York case law in *Arenado v. Florida Power and Light Co.,* 523 So. 2d 628 (Fla. App. 1988), in denying recovery against the utility for a fatal two-car collision at an intersection usually controlled by a traffic light. But often, Florida courts have apparently imposed liability in similar cases on the basis that public utility contracts intend that *specific* beneficiaries are the individual citizens.

A Louisiana case, *Shafouk Nor Din Hamza v. Bourgeois, et al.,* 493 So. 2d 112 (La. 1986), denied civil liability for the alleged failure of the utility to provide adequate street lighting and/or failure to maintain or replace bulbs. That court distinguished breach of a *duty* from deprivation of a *benefit* in regard to street lighting and considered that the plaintiff-pedestrian was really an "incidental" beneficiary of the utilities contract with the local government.

Here, the plaintiff-pedestrian was not a specifically intended beneficiary of VP's contract and was owed no special duty, for violation of which VP is civilly liable.

Able counsel for plaintiff has asserted that Code of Virginia § 8.01–223, abolishing privity as a defense in cases for "recovery of damages to person," allows plaintiff to recover herein. Thus, a re-

reading of the cases previously cited was done to see whether those cases rested upon "privity" principles or some distinctly separate principal of "intended" third-party beneficiaries' status. The Court, having considered plaintiff's brief and Virginia cases applying Code of Virginia § 8.01–223, has concluded that despite reference to "privity" in *Shafouk*, 493 So. 2d 112, the decisive consideration has not been "privity" or a lack thereof.

Therefore, the Court concludes that:

(1) VP had no "negligence" duty to plaintiff for civil recovery purposes;

(2) plaintiff cannot assert or recover upon a duty in contract against VP;

(3) the statutory abolition of "privity" as a defense does not cause a different legal outcome as to VP's lack of contract or tort duties to plaintiff;

(4) VP's demurrers should be granted.